THOMAS FORSTER *v.* SAMUEL CAPEWELL and another.

Upon an application in the court of Common Pleas to open a default in the Marine Court, the applicant must establish that injustice has been done him by the default. It is not enough that his affidavit shows a defence, if the allegations are denied by the affidavit of the plaintiff. In such cases the appellant must furnish, in addition to his own affidavit, proof by some other person of the truth of his defence.

Whether the failure of the defendant to hear his case called, although he was in attendance at the court room at the time, is a sufficient excuse for the default —*Query.*

APPEAL by defendants, under section 366 of the Code, from a judgment of the Marine Court by default. The action was upon a promissory note. The excuse set up for the default and the defence sought to be interposed sufficiently appear in the opinion of the court.

*F. H. Hartt*, for the appellants.

*Frederick H. B. Bryan*, for the respondent.

INGRAHAM, FIRST JUDGE.—The judgment in the court below was by default, duly taken before the justice who granted the judgment, as appears by the return.

To enable the court to set aside a judgment by default such default must be excused and the defendant must show that injustice has been done him by the judgment.

I doubt very much the sufficiency of the excuse, when the defendant himself states that he was in the court room and did not hear the cause called. The justice returns that it was first called by the clerk and entered in the register, and was afterwards called before the justice. A defendant should at least show sufficient attention to his interests to listen when the justice calls his case on for trial.

But even admitting that the excuse is sufficient, the defendants do not establish that injustice has been done them by the judgment. One of the defendants swears that the note was given for money loaned, and that usury was charged for it. This is denied by the plaintiff. In such cases we require the appellant, in addition to his own affidavit, to furnish proof, by some other person, of the truth of his defence. We cannot say, where the defendant states a fact and the plaintiff denies it, which of the statements is correct; and the only way to establish it is, by the affidavit of the witness, by whom the defendants expect to prove their defence.

The judgment must be affirmed.