## DAVIS *a.* HUDSON.

*New York Common Pleas ; General Term, July,* 1857.

SUMMARY PROCEEDINGS.—APPEAL FROM DECISION OF JUSTICE.

Previous to 1857 the New York Common Pleas had no power to entertain an appeal from the decision of any magistrate or justice rendered in summary proceedings to recover possession of land.

Section 352 of the Code as amended in 1857, authorizes an appeal to the New York Common Pleas from the judgment of a justice of a district court of the city of New York, rendered out of court, in those special proceedings which he is authorized to conduct, and in which a judgment is necessarily to be rendered by him acting as a justice only, and not as a court.

An appeal may now be taken from a justice's judgment, in summary proceedings, to the Common Pleas.

Appeal from a judgment rendered by a justice of a district court of the city of New York, in a case of summary proceedings.

In this case the plaintiff commenced summary proceedings before a justice of the district court of the city of New York for the first district of this city, to obtain possession of a house and

lot on Broadway. The justice gave judgment for the defendant. The plaintiff appealed to the Common Pleas from such judgment: on the hearing of the appeal, the respondent objected to the jurisdiction of the court.

*A. P. Mann*, for the appellant.

*Theodore Romeyn*, for the respondent.

INGRAHAM, F. J.—This proceeding was taken under the statute relative to summary proceedings, for the recovery of the possession of land in the city of New York. It was commenced before the justice of the District Court for the First District. The judgment below was for the defendant, and an appeal is taken to this court.

A preliminary objection has been taken to the jurisdiction of this court over any such appeals.

There is no doubt that prior to the act of 1854, declaring and enlarging the jurisdiction of the Common Pleas, no appeal could be entertained by this court. The only remedy for the correction of errors in these proceedings was by a *certiorari* to the Supreme Court. By that act the Common Pleas was vested with all the power of the county courts in their respective counties. (*Laws of* 1854, *ch.* 198.)

The county court had power to entertain an appeal from a decision of a justice of the peace, in proceedings under the chapter relative to summary proceedings. It gave no appeal from any decision made by any other officer. (*Laws of* 1849, *ch.* 193.)

In the county of New York, the authority to act in these proceedings is not vested in any justices of the peace, but in a judge of the district court, and the other officers specially enumerated. Unless the judges of these courts are justices of the peace within the meaning of that term as used in the statute, no power to review their proceedings is by that statute of 1854 given to the Common Pleas. The justices of the peace are officers described in the Constitution and the statutes by that name, and provision is made for their election in all the counties of the State except in New York. In this county no such officer is elected, but the powers and duties of the office are vested in other officers under other names, and having larger powers. It does not follow that this court can entertain an appeal from

Davis *a.* Hudson.·

these officers because they possess the powers of a justice of the peace. The recorder and judges of the Supreme Court are authorized to conduct these proceedings, and they possess all the powers of a justice of the peace, and yet no one will pretend that an appeal could be taken from their decision to the Common Pleas. I can see no distinction between a decision made by one of those officers and one made by a justice of the district court. They are all different offices from that of a justice of the peace, and we have no more authority to entertain an appeal from the decision of one than of the other. The county court never had jurisdiction of an appeal from either, and an authority cannot be extended to any officer not embraced within the provisions of the statute authorizing such appeals to the county courts. My conclusion therefore is, that previous to 1857 this court had no power to entertain appeals from the decision of any magistrate or justice in summary proceedings.

The only statute which has any bearing on this subject, not already referred to, is the act passed in 1857, amending certain sections of the Code of Procedure.

By this statute, the previous section of the Code which granted to this court appeals from the decision of the justices' court of the city of New York (*Code*, § 352) was amended so as to give to this court an appeal from a judgment rendered by a justice of the justices' court of that city (New York)—the words " a justice of" being inserted by way of amendment. By the statute passed previously at the same session (*Laws of* 1857, *ch.* 344), appeals from judgments of the district courts had been transferred from this court to the Superior Court, and it is difficult to apply any other intent to the amendment of section 352 of the Code above referred to, than that the Legislature intended to relieve any doubt that might arise from re-enacting that section containing an appeal from the judgment of the justices' court, by limiting such appeals only to the decision of the justice.

These courts, by the act of 1848 (*Laws of* 1848, 249), were designated as justices' courts of the city of New York. During the same session the name or style of the courts was changed to assistant justices' courts of the city of New York. (*Laws of* 1848, 404.) The Code of the same year refers to these courts by the same style.

In 1849 the Code was amended, and the style of the courts was again changed to that of justices' courts in the city of New York. Section 352 of the Code provided for appeals to this court from judgments rendered by a justice's court in the city of New York; and that section so remained until the amendment in 1857, hereafter referred to.

In 1852 the style of the court was again changed to that of district courts in the city of New York, and it so remains at this time. (*Laws of* 1852, 471.)

In 1857, section 352 of the Code was amended by inserting before the words " justices' courts in the city of New York," the words " a justice of," so as to give to the Common Pleas the appeal from a judgment rendered by a justice of the justices' court in the city of New York, acting as a justice only, and not as a court. In making this amendment, the Legislature have overlooked the change in the title of the court, leaving in the amended section the style of the court as it existed in 1849, instead of inserting the proper style of the court, viz., " the district courts of the city of New York."

This amendment is so made as to confine the appeal to the Common Pleas from a judgment of the justice, instead of a judgment of the court, as it formerly existed.

Such an alteration was not necessary or appropriate, if it was intended to allow this court to entertain appeals from the judgment of the court. Some other object must have been intended when the Legislature changed the law as it then existed.

The reason for such change may be more apparent, when it is stated that the Legislature had a few days previously transferred the appeals from the judgment of the district courts, as reorganized by the new act of 1857, to the Superior Court.

Section 77 of that act, relative to the district courts (*Pub. Acts of* 1857, 230), confers upon the justices of those courts authority to perform the duties which are intrusted to magistrates out of court as enumerated in certain articles of the Revised Statutes, which are special proceedings before a magistrate, and not before a court. In these cases a decision and judgment by the justice must be rendered, and to such cases the section as amended may be properly applicable. By section 78 of that act, it is stated that the powers conferred by section 77 are on the justice only. No appeal, therefore, would lie to the Superior Court

from his decision in these proceedings, because the right of appeal to that court is confined to judgments rendered in the courts, and not by the justice.

It may be a matter of some hesitation on our part to assume any jurisdiction in these appeals, in consequence of the change in the style of these courts prior to the passage of that amendment. But the better view of the whole matter is to adopt what was the evident intent of the Legislature, to confer on this court the right to hear an appeal from any judgment of such justices in the special proceedings under section 77 of the District Court Act, than to treat the section, so far as it relates to these courts, as a nullity, in consequence of the change in the name of the courts.

Such a construction would give vitality to both acts, and leave the statutes in force which give the appeals from the judgments of the courts to the Superior Court, and appeals from the judgments of the justices in special proceedings to the Common Pleas, and without any conflict between the several statutes.

By adopting this construction of these statutes, the practice in this county in regard to summary proceedings for the recovery of land, is made similar to that of other counties in this State, in all of which the appeal from the decision of the justice thereon may be taken to the county court, and it relieves us from the necessity of saying that an act of the Legislature is a nullity for an error, while the intention of the Legislature is apparent in all other respects.

Our conclusion therefore is, that the amendment of section 352 of the Code authorizes an appeal to this court from the judgment rendered by a justice out of court in those special proceedings which he is authorized to conduct, and in which a judgment is necessarily to be rendered by him, acting as a justice only, and not as a court.