THE PEOPLE on the relation of NEVINS *a.* WILLIS.

*Supreme Court, First District; Special Term, September,* 1857.

SUMMARY PROCEEDINGS.—APPEAL FROM DECISION OF JUSTICE.

·An appeal does not lie to the New York Common Pleas from the decision of a justice of one of the District Courts, in summary proceedings to recover possession of lands.*

---

* Compare Davis *a.* Hudson, *Ante* 61, where the contrary is held by the New York Common Pleas.

The only mode of review of these proceedings when had before an officer in the city of New York, is by writ of *certiorari* issuing out of the Supreme Court.

A *mandamus* lies to compel a justice of one of the district courts in the city of New York, to issue his warrant in summary proceedings to recover possession of lands, notwithstanding that an appeal has been taken to the New York Common Pleas from his decision, accompanied by security.

Application for a mandamus.

On July 9, 1857, the relator, William R. Nevins, instituted proceedings before Anson Willis (a justice of one of the district courts of the city of New York), pursuant to the provisions of article 2, title 10, chapter 8, part 3 of the Revised Statutes, entitled : " Of summary proceedings to recover the possession of land in certain cases," against Adam Havemeyer and others, to recover the possession of certain premises in the city of New York.

Such proceedings were had before the said justice, that he, on the 24th of July, rendered a decision that the relator was entitled to the possession of the said premises, and that a warrant must issue for such purpose.

On the same day the defendant in the proceedings appealed from this adjudication to the Court of Common Pleas of the city and county of New York, and filed with the justice an undertaking, which was approved by him, conditioned to pay the rent which had accrued, and the costs of the appeal, and also the rent accruing or to accrue upon the premises subsequent to the application to the justice.

The justice thereupon refused to issue the warrants directed by the statute, to put the relator into possession of the premises.

The relator now applied to the court for a *mandamus* to compel the justice to issue such warrant.

*D. T. Walden*, for the application.—I. The respondent having decided the issue in favor of the landlord, it was his duty to issue his warrant to remove the tenants, and put the landlord in possession, unless the rent was paid or the tenant gave security to pay in ten days (2 *Rev. Stats.*, 4 ed., 757, §§ 33–39 ; *Ib.*, 758, § 44).

II. There is no appeal to the Court of Common Pleas.   1. The act of 1849 applies to these proceedings when taken before "*justices of the peace*" (*Laws of* 1849, 292, §5).   2. Chapter 5

of title 9 of the Code relates to appeals from the *judgments of inferior courts.* Section 351 provides the manner of review, and section 352 designates the court by which "*the judgment*" mentioned in section 351 shall be reviewed—varying according to the locality of the inferior court. The amendment to section 352, by act of 1857, does not allow appeals from judgments which could not be reviewed before the amendment. The words "*general term of the Marine Court*" and "*Justice of the Justice's Court*" designate the manner in which "*the judgment of the courts*" are to be rendered, before they can be reviewed (*Code,* §§ 351, 352).

III. Section 352 of the Code is in chapter 5 of title 9 of part 2 of the Code, and applies only to *actions,* not *special proceedings* (*Code,* §§ 1, 2, 3, 8; Woodruff *v.* Cox, 2 *Bradf. Surr. R.,* 224; *In Re* Belt, 1 *Park. Cr. R.,* 169; Bunnet *v.* Silliman, 16 *Barb.,* 198; see *Laws of* 1854, 592, *ch.* 270). The proceedings before the defendant are under chapter 8 of part 3 of the Revised Statutes, to which it is expressly provided that the second part of the Code shall not apply (*Code,* § 471; *Voorhies' Code, ed.* 1855, *notes to* § 471).

*F. H. B. Bryan,* opposed.

DAVIES, J.—The proceedings before the justice are authorized by title 10 of chapter 8 of part 3 of the Revised Statutes, entitled "Of summary proceedings to recover the possession of lands in certain cases,"—and the several acts amendatory thereof. By the provisions of these statutes as originally framed, section 28 of this title authorized the application to be made and the proceedings to be had before any judge of the county courts of any county, or mayor or recorder of any city, where the premises are situated, and in the city of New York, before the mayor, recorder, any alderman, any special justice, any justice of the Marine Court, or any one of the assistant justices. The only officers authorized therefore by the Revised Statutes, until amended, to entertain these proceedings, were,—

In counties other than the city of New York:

1. Any judge of the county courts.

2. When the premises are in a city, by the mayor or recorder of such city.

In the city of New York:

1. By the mayor.

2. By the recorder.

3. By any alderman.

4. By any special justice.   The office of special justice was created by section 24 of the act of April 9, 1813 (*Davies' Laws*, 470), which authorized the appointment of three special justices. The number has been increased by subsequent enactments and their term of office and mode of appointment has been changed.

5. By any justice of the Marine Courts.

6. By any one of the assistant justices.

The assistant justices were authorized to be appointed by section 85 of the act of April 9, 1813 (*Davies' Laws*, 488).

The act has been several times amended, in reference to the number of assistant justices, their terms of office and mode of appointment (*Davies' Laws*, 631, 634, 947, 954).

By the act of March 30, 1848 (*Davies' Laws*, 947), the city of New York was divided into six judicial districts, in each of which a justices' court was established, and in each of said districts there was thereafter to be elected a justice to hold the court therein.   Section 4 of this act declares that all the powers and duties which by any laws of this State then in force, were belonging to and vested in the then assistant justices of the city of New York, should thereafter belong to and be vested in the justices to be elected or appointed by virtue of this act.

By the act of April 16, 1852 (*Davies' Laws*, 1092), the style of the justices' courts in the city of New York was changed to that of district courts.

It is thus, I think, clearly shown that the only officers authorized in the city of New York to entertain and conduct these proceedings, are those above enumerated.

Section 47 of the title of the Revised Statutes regulating these proceedings provides that the Supreme Court may award a *certiorari* for the purpose of examining any adjudication made on any application thereby authorized, but the proceedings on any such application shall not be stayed or suspended by such writ of *certiorari* or any other writ or order of any court or officer.

This writ of *certiorari*, therefore, lies to remove into this court all such proceedings which might be had in the counties of this State before any county judge, mayor, or recorder,—or in

the city of New York, before the officers authorized there to take cognizance of them.

No other mode of review was then authorized or known from the proceedings of any other officers under this statute.

The Revised Statutes relating to these proceedings were amended and additions made thereto by the act of April 3, 1849 (*Laws of* 1849, *ch.* 193).

This act amends section 28 of title 10 of the Revised Statutes quoted above, so as to authorize the proceedings to be entertained in the counties of this State other than the city and county of New York, " by any judge of the county courts of the county, *or by any justice of the peace* of the city or town where the premises are situated, or by any mayor or recorder of the city where such premises are situated, and in the city of New York by the mayor, recorder, any justice of the Marine Court, or any one of the justices of the justices' courts of the city of New York."

The changes, therefore, introduced by this act in regard to the officers who may entertain these proceedings, are, in counties other than New York, in addition to the county judges, mayors, and recorders, *justices of the peace*, and in the city of New York, taking away the power from the aldermen and the special justices, and changing the designation of the assistant justices to that of justices of the justices' courts of the city of New York, to make the same conform to then existing laws.

This act declares that two sections shall be added to said article 2, of title 10, chapter 8, part 3 of the Revised Statutes, the first of which additional sections provides that, in case of proceedings before a *justice of the peace*, under that article as thus amended, the justice shall enter the finding of the jury, and in case there is no jury, his final decision. The second section provides that the proceedings before the *justice* may be removed, by appeal, to the county court of the county in the same manner and with the like effect, and upon like security, as appeals from the judgment of justices of the peace in civil actions, except that the decision of the county judge shall be an affirmance or reversal of such judgment, and be final. It is also declared that on such appeal (that is from the decision of a *justice of the peace* to the county court), in order to stay the issuing of the warrant to dispossess, security is to be given for the payment of

all rent accruing or to accrue, upon such premises subsequent to the application to such *justice.*

It seems to me very clear, therefore, from a perusal of this act of 1849, allowing an appeal, that it applies solely and exclusively to proceedings before a *justice of the peace,* and has no application whatever to proceedings before any judge of the county courts, mayors or recorders of cities, or, in the city of New York, to those before the mayor, recorder, any justice of the Marine Court, or any one of the justices of the justices' courts. I do not know how this can be made plainer by illustrations or arguments. The act only allows the proceedings before the justice of the peace to be removed to the county court by appeal, not the proceedings before any other officer named. This act first conferred upon justices of the peace the power to hear these cases, and the Legislature seemed to be of the opinion that their proceedings should be removed by appeal to the county court. It does not follow because the proceedings before a justice of the peace may be removed by appeal, those had before the other officers may. On the contrary, the familiar rule, *expressio unius exclusio est alterius,* forbids such a construction. The Legislature certainly never intended to permit proceedings before a county judge to be removed by appeal to the county court (composed of the same officer), and that on such appeal his decision would be final;—in effect thus prohibiting a review of these proceedings when instituted before any judge of the county court.

It is entirely clear to my mind that the act of 1849 only allows the proceedings to be removed to the county court by appeal, when instituted before a justice of the peace; but when pending before any other officer authorized to entertain them, the right to remove the same into this court by writ of *certiorari,* remains unimpaired and in full force.

In the city of New York there is no such officer as a justice of the peace, and the defendant is not such. He derives his authority to act in these proceedings, since the passage of the act of the last session of the Legislature, from the provisions of the act to reduce the several acts relating to district courts of the city of New York into an act (*Laws of* 1857, *ch.* 344). Previous to that, we have seen that the power was conferred by the Revised Statutes, and the amendment of 1849 being given to

him as one of the justices of the justices' courts of the city of New York. The act of 1857 abolished that office, and organized a new system of courts in the city of New York, to be called district courts, and directed the election of justices thereof. Section 77 of this act declares that the justices of each of these courts may, in the city of New York, perform the duties enumerated in the Revised Statutes, article 2, title 10, chapter 8, entitled "Summary Proceedings to Recover the Possession of Land in other Cases." We then see that the defendant is authorized specifically to entertain these proceedings, not as a justice of the peace, but as a justice of the district courts of New York, in the same manner as the mayor, recorder, or any justice of the Marine Court may entertain them. Now, it cannot for a moment be contended that there is any authority conferred by law to remove proceedings pending before the mayor, recorder, or any justice of the Marine Court to the Court of Common Pleas of New York, by appeal, and which by law in the city and county of New York is vested with all the powers of the county courts in their respective counties (*Laws of* 1854, *ch.* 198). No power is conferred upon the county courts to hear, by appeal, proceedings under these statutes had before the mayor or recorder of any of the cities of this State, and it equally follows that a like power is not conferred upon the Court of Common Pleas in New York to hear any appeals from proceedings before the officers authorized to perform the same duties in the city of New York.

But it is contended that the amendment to section 352 of the Code of 1857 confers this power.

Previous to that amendment, subdivision 2 of section 30 of the Code authorized a review by the county court of a judgment rendered in a civil action by a justice's court in the county or by a justice's court in cities. Section 34 of the Code conferred upon the Court of Common Pleas for the city and county of New York, power to review the judgments of the Marine Court and of the justices' courts in that city. Sections 351 to 371 of the Code regulated the practice upon such appeals. Section 352 was but a re-enactment of the previous provisions of the Code as to what court's judgments were to be reviewed. It is conceded, and undeniable, that previous to the amendment to section 352, by the last legislation, the Court of Common

Pleas had no power to entertain appeals in their special proceedings.

Subsequent to the passage of the act of the last session, organizing the district courts in the city of New York, section 76 of which act declares the provision of the Code of procedure in relation to appeals to review judgments rendered in those courts from section 351 to 371, both inclusive, should apply to said courts, as thereby organized, except that such appeals shall be to the Superior Court of the city of New York, the Legislature amended section 352 of the Code, by inserting before the words "justice's courts" the words "a justice of the." This amendment makes the section read, that when a judgment shall have been rendered by the Marine Court of the city of New York, or by a justice of the justices' court in that city, the appeal shall be to the Court of Common Pleas for the city and county of New York. And it is argued that as the judgment in these proceedings is rendered by a justice of the justices' court of said city, this section of the Code, as thus amended, authorizes an appeal to the Court of Common Pleas. It should be borne in mind that this chapter of the Code is entitled of appeals from an inferior court, and section 471 of the Code declares that part second of the Code, which embraces this section, 352, shall not affect proceedings authorized by title 10, of chapter 8, part 3, of the Revised Statutes. We must, therefore, hold, in obedience to this plain mandate of the Legislature, that these provisions of the Code, as amended, confer no power upon the Court of Common Pleas to entertain appeals from the judgments of the officers authorized to entertain these special proceedings. The Court of Appeals have decided this question in the case of Benjamin *v.* Benjamin (1 *Seld.*, 383), holding that the Code, by this section 471, exempts proceedings of this sort from its operation.

It follows, therefore, that the only mode of review of these proceedings in the city of New York, is by the writ of *certiorari* issuing from this court; that the appeal taken from the proceedings of the defendant in this case to the Common Pleas is unauthorized by law and void, and presents no reason why he should not issue the warrant to dispossess the tenant, in accordance with his judgment, as directed by statute.

Not having performed a duty clearly enjoined upon him by law, a *mandamus* is the proper remedy to compel him so to do,

and one must accordingly issue in this case. Stafford *v.* The Union Bank of Louisiana (17 *How. U. S. R.*, 275); Stafford *v.* New Orleans Canal & Banking Company (*Ib.*, 283); Hall *v.* Supervisors of Oneida County (19 *Johns.*, 259); *Ex p.* Fleming (4 *Hill*, 481); Adriance *v.* Supervisor of New York (12 *Hav.*, 224); The People *v.* Clerk of Marine Court (3 *Abbotts' Pr. R.*, 57, *S. C.*, on appeal, *Ib.*, 309), are authorities for holding that this is the proper remedy.