## ROMAINE v. KINSHIMER.

This court has not jurisdiction to review, upon appeal, the determination of a justice of a district court in a summary proceeding, by a landlord against a tenant, to recover the possession of land.

*It seems*, that the only method of reviewing those proceedings is by a writ of *certiorari* from the Supreme Court.

The doctrine of *stare decisis* has no applicability to a prior decision upon a question of jurisdiction, where it plainly appears that the decision was founded upon a mistaken reading of a statute.

The case of *Davis* v. *Hudson* (5 Abbott P. R. 63) disapproved.

AT SPECIAL TERM, *April* 20, 1858.

Motion to dismiss an appeal taken on behalf of Kinshimer, a tenant, to the general term of this court, from a determination made by a justice of a district court, in a summary proceeding by Romaine, as landlord, to recover the possession of certain premises in the occupation of Kinshimer.

*M. L. Lanman*, for the motion.

*C. Bainbridge Smith*, opposed.

HILTON, J.—Under the provisions of the Revised Statutes, (2 R. S., art. 2, title 10, ch. 8, part 3, p. 512), proceedings were instituted by Romaine, as landlord, before a justice of one of the justices' courts in this city, to remove Kinshimer, as tenant of certain premises in Fourth avenue. A summons having been issued, the tenant filed an affidavit with the justice denying the facts alleged in the affidavit of the landlord, upon which the proceedings were based, and the matters thus controverted were tried before a jury. A verdict and judgment having been rendered in favor of the landlord, the tenant appealed therefrom to this court. An application is now made, on behalf of the landlord, to dismiss the appeal thus taken, upon the ground that it is unauthorized by law, and that this court has no power to review proceedings of this nature.

In *Davis* v. *Hudson*, (5 Abbott P. R. 63), at a general term of this court held by two of the then judges, (July term, 1857), it was determined that section 352 of the Code of 1857 authorized an appeal of this character, and, therefore, it is argued, the question as to whether the jurisdiction to entertain such an appeal does or does not exist is *res adjudicata*, so far as this court is concerned, and consequently is not the subject of review.

It is manifest, however, that the decision was erroneous, and not warranted by the plain construction of the statutes to which in it reference is made. Section 352 of the Code, upon which that decision is based, in no way relates to special proceedings of this kind, but, on the contrary, applies *only* to " *appeals in civil actions.*" It forms a part of chap. 5, title 9, of the *second* part of the Code, which, by sections 1, 2, 3, &c., is *expressly limited to civil actions*, and which, by section 471, it is declared shall not affect any proceedings provided for by chap. 8 of part 3 of the Revised Statutes, excluding the 2d and 12th titles thereof. *Benjamin* v. *Benjamin*, 1 Seld. 383. If the error thus shown consisted of anything beyond that of a clearly mistaken reading of a statute, upon a question of *jurisdiction alone*, we should not consider it open to review in this court, but would feel bound to adhere to it upon the doctrine of *stare decisis*. But as no particular principle of law is involved in that decision, beyond the reading of a particular statute, and as adhering to it would impose upon us the duty of entertaining appeals in proceedings where it is clear this court has no jurisdiction whatever, I am satisfied that the doctrine of *stare decisis* has no applicability to such a case, and does not preclude us from acknowledging so obvious an error, and hereafter disregarding it as in any way binding.

There cannot be a doubt that the only method of reviewing a proceeding of this nature, in the city of New York, is by a writ of *certiorari* issuing from the Supreme Court, (see 2 R. S. 516, §§ 47, 48 ; *The People, &c.* v. *Willis*, 5 Abbott P. R. 205), and I therefore feel bound to declare that the appeal here taken is unauthorized by law, and void, and for that reason should be dismissed.

In this opinion all the present judges of this court concur.

Motion to dismiss appeal, granted.