## SEEBACK *a.* McDONALD.

*Supreme Court, First District; Special Term, July,* 1860.

### SUMMARY PROCEEDINGS.—INJUNCTION.

The court will not interpose by injunction to prevent a party from prosecuting summary proceedings to recover possession of land, where the complainant had a perfect defence to their proceedings before the justice, and does not show that he had not evidence to prove such defence, and no fraud or abuse is shown.*

Motion for an injunction.

BONNEY, J.—The complaint in this action, sworn on 5th May, 1860, states that on 8th February, 1860, Edward Cahill, the owner of the house and lot, No. 109 West Forty-second-street, New York, demised the same to the plaintiff, for one year from 1st May, 1860 ; that the plaintiff then was, and ever since has been, in possession of said premises ; that on 1st March, 1860, Cahill demised the same premises for the term of three years from 1st May, 1860, to the defendant, who then knew of said prior demise to the plaintiff ; that on 4th May, 1860, defendant commenced summary proceedings before the justice of the fifth district for possession of said premises ; that since said demise to him the plaintiff has expended $300 in repairs on the premises ; that the defendant has no right to said premises, or to maintain his proceedings, but plaintiff has the right to such possession ; and plaintiff prays that defendant be enjoined from prosecuting said summary proceedings, and from interfering with plaintiff's possession of the premises.

On this complaint an order was obtained, requiring defendant to show cause why he should not be enjoined from proceeding to obtain possession of the premises ; and, until the hearing and decision of the motion restraining such proceedings.

The defendant (on showing cause), by answer, denies that

---

* To the same effect is Marks *a.* Wilson, *Ante,* 87.

Cahill demised the premises in question to the plaintiff for the year from 1st May, 1860, and that plaintiff was not, on 8th February, 1860, or at any time since has been, or is, in occupancy of the premises as tenant of Cahill, and generally denies all plaintiff's alleged rights. Defendant further states, as a separate defence, that, pursuant to the provisions of the Revised Statutes, he, on the 4th of May, commenced summary proceedings against the plaintiff and others to recover possession of the premises in question; that the plaintiff appeared and filed an affidavit with said justice, and the matters thus controverted were tried by a jury, who rendered a verdict in favor of this defendant (McDonald), and thereupon, on said 4th May, and before the commencement of this action, the said justice issued his warrant to dispossess this plaintiff. Copies of proceedings before the justice are annexed to said answer, from which it appears that this plaintiff set up, by way of defence, before said justice, the alleged demise of said premises to him by Cahill on 8th February, 1860. The plaintiff has read on this motion two affidavits, tending to prove his allegation, that the premises were demised to him by Cahill, and the defendant has also read affidavits in opposition, the contents of which it is not necessary to state, as they tend to sustain the answer.

Upon the complaint alone, this motion should, in my opinion, be denied. If the statements in the complaint are true, the plaintiff had a perfect defence to the proceedings before the justice, and he does not allege that he had not evidence to prove all the facts by him stated. The answer denies, in effect, all the alleged rights and equities of the plaintiff, and is in part sustained by affidavits. It also shows that the question now sought to be litigated, was raised and tried in the summary proceedings, and decided against the plaintiff, and that a warrant to dispossess the plaintiff was issued before this action was commenced; which facts the plaintiff wished to state in his complaint, without reference to the statute prohibiting the staying of summary proceedings by order (3 *Rev. Stat.*, 5 ed., 839, § 47), and I cannot see that any case is here made which authorizes the interposition of this court.

It was argued by counsel upon numerous authorities cited, that this court might interfere to prevent or redress fraud in summary proceedings under the statute, or an abuse of such

proceedings; but the principle, if sustained, is not applicable to this case, for the reason that neither the complaint nor plaintiff's affidavit show any such fraud or abuse.

The motion for an injunction is denied, and the other, to show cause, is vacated, with ten dollars costs to defendant.