## MARKS *a.* WILSON.

*New York Superior Court; Chambers, August,* 1860.

SUMMARY PROCEEDINGS.—INJUNCTION.—SUNDAY.

In general, an injunction should not be granted to restrain the execution of summary proceedings to recover possession of land, except in case of undue advantage, fraud, or surprise, to which the landlord is a party.

The fact that process was served on Sunday does not render the judgment therein void.

Motion for an injunction.

This was an action to restrain the defendant, a constable, from executing a warrant to dispossess the plaintiff obtained in summary proceedings to recover possession of certain premises. The facts are fully disclosed by the opinion.

*Mr. Seixas,* for the motion.

*Mr. Chadsey,* opposed.

HOFFMAN, J.—The complaint is for an injunction to restrain the defendant from executing a warrant granted by a justice of the Marine Court of the city of New York, to dispossess the plaintiff under the act "Of summary proceedings to recover possession of land," &c. (2 *Rev. Stat.,* 612, vol. 3, 5 ed., 836, § 8.) The warrant was for holding over, after the expiration of the term, without permission.

Section 47 of the act provides that the Supreme Court may award a certiorari for the purpose of examining any adjudication made on any application hereby authorized; but the proceedings on any such application shall not be stayed or suspended by such writ of certiorari, or any other writ or order of any court or officer.

The case of Duigan *a.* Hogan (1 *Bosw.,* 645) settles the law in this court, holding that the Code (section 219) is not inconsistent with section 47 of the statute, and that it remains in

force; and leaving, probably, no case whatever, except one of undue advantage, fraud, and surprise, to which the landlord is a party, in which an injunction can be granted. Forrester *a.* Wilson (1 *Duer*, 624) was of this character, and rests upon its own peculiar circumstances. See also Hyatt *a.* Burr (8 *How. Pr.*, 168).

But, again, I am clear that the injunction ought not to issue upon any ground as to which the party could have relief in a fixed statutory method, adequate to the purpose.

This method for redressing every error, defect, or irregularity apparent on the record, is prescribed by section 57, giving a certiorari. That writ has been sued out, and is now pending in the present case, although the stay of proceedings originally granted has been discharged. (Marseilles *a.* Bulger, 19 *How. Pr.*, 34.)

An appeal also lies to the Common Pleas from an adjudication in such a proceeding. (1 *Hilt.*, 399; 3 *Rev. Stat.*, 5 ed., 840, § 52.)

Of the defects and alleged errors in the proceedings, the certiorari will take up all the defects in the affidavit.

Sections 48 and 49 of the statute provide for restitution of the possession, if the proceedings are reversed, and for damages sustained by reason of such proceedings. It is said that the defendant is insolvent. This is denied; but if it were the fact, it could not form a ground for any injunction.

The next point, and one which could not arise upon a certiorari or appeal, is, that the service was made on Saturday, and that the plaintiff is of the Jewish persuasion and religion.

By the statute (5 ed., vol. 2, 936, §§ 69–71), persons keeping the seventh day holy are exempted from performing certain duties thereon; and any person who shall knowingly or maliciously cause any process, issued from a justice's court in a civil suit, to be served on said day on any person, or who shall serve process returnable on such day, shall be guilty of a misdemeanor, and be subject to a fine of $100. And so for procuring a suit to be tried on that day.

This is the law of 1847, ch. 349, now in force. The statute of May 7, 1839, under which Munson *a.* Amory (1 *Den.*, 204) was decided, is repealed.

That authority is enough, under the existing statute, to show

that service on Saturday would not be sufficient to avoid the judgment. The service knowingly and maliciously is denied, and not in any way established.

The only remaining ground on which the plaintiff could ask for the interference of the court relates to the merits, viz., the denial of the relation existing which justifies proceedings under the statute. He contends that he took possession under the contract of sale of the premises, which is set forth.

The plaintiff was to consummate his purchase (dated the 28th day of March, 1860) by the 28th day of April. He was let into possession on the 2d day of April. The terms of the contract were that he was to pay for the property on the 28th day of April. The defendant was not bound to have let him in possession before. He did so, very clearly, with the expectation, and with implied condition, that he should then pay according to contract. His taking possession without any reservation, was a waiver of objections to the title. He avers that the only objection he has is the existence of two judgments against a former owner, which, it is alleged, are not liens; that the judgments were against a different person of the same name; at any rate, it is positively sworn that the property is clear, except from the two mortgages.

I am by no means prepared to say that Henry, the agent, was acting illegally, much less fraudulently, in the affidavit he made to obtain the warrant in the Marine Court.

But independently of this, there was a plain method for the plaintiff to have obtained redress.

I take it for granted that the Marine Court could have opened the default on proper application. (Mitchell a. Menkle, 1 *Hilt.*, 152; *Laws of* 1853, ch. 617, § 5.)

But again, section 366 of the Code affords a most complete remedy upon an appeal to the Common Pleas, in case of a failure to appear, and by affidavits showing that injustice would be done, and satisfactorily excusing the default. (Foster *a.* Capewell, 1 *Hilt.*, 47; Lent *a.* Jones, 4 *E. D. Smith*, 52; Mulhern *a.* Hyde, 3 *Ib.*, 177.)

I consider that for every alleged irregularity or defect, as well as for a full investigation of the merits and justice of the case, the law has explicitly provided summary and adequate modes of redress, without recourse to an injunction; and that,

if there can be presented a case in which the interference by injunction may be allowed, the present is not one of them.

Motion for injunction denied. The temporary order discharged, with $10 costs.

## DIVINE'S CASE.

*Before Hon. Josiah Sutherland, Supreme Court, First District; August,* 1860.

### SPECIAL SESSIONS.—HABEAS CORPUS.

Upon habeas corpus the prisoner may impeach the commitment by showing that the court which made it was not legally constituted ; *e. g.,* that one of the justices named as present, was in fact absent.

Two justices cannot legally hold a Court of Special Sessions in the city of New York. Three are necessary.

Habeas corpus to inquire into the detention of James Divine.

The prisoner was committed on conviction of petit larceny, at a Court of Special Sessions in the city of New York. The facts are fully stated in the opinion.

*Theodore Stuyvesant* and *Mr. Phillips*, for the prisoner.— I. The court could not be held by less than three justices. (3 *Rev. Stat.*, 5 ed., 370, §§ 13, 14 ; same statute, *Laws of* 1858, 441, ch. 285, §§ 8, 9 ; 3 *Rev. Stat.*, 5 ed., 869.)

II. The want of jurisdiction may be shown here. (Note to People *a.* McLeod, 3 *Hill*, 665 ; Randolph's Case, 11 *Am. Jur.*, 33 ; *Exp.* Beatly, 12 *Wend.*, 229 ; Riley's Case, 2 *Peck*; People *a.* McLeod, 25 *Wend.*, 483 ; Yates *a.* People, 6 *Johns.*, 337 ; *Exp.* Kellogg, 6 *Vt.*, 511 ; *Cow. & H. notes*, part 2, 800.)

*Mr. Sedgwick*, assistant district-attorney, opposed.

SUTHERLAND, J.—The warden, or keeper of the penitentiary, to the writ of habeas corpus, returns a copy of the commitment