## NEW YORK SUPERIOR COURT.

JAMES GRIFFITH agt. ANN BROWN AND ANOTHER.

A *warrant of dispossession*, in summary proceedings to recover the possession of land, will be *stayed by injunction*, where it appears that the defendant in such proceedings had not time to arrive at the court room, before the hearing, after the service of the summons.

*New York Special Term, October* 1864.
*Before* ROBERTSON, *Chief Justice.*

THIS is a motion to continue an injunction restraining the defendants from executing or procuring to be executed a warrant issued by a justice of a district court in this city, in summary proceedings to remove a tenant under the statute for holding over.   The summons was issued September 13, 1864, at 11 A. M., returnable at 2 P. M. of the same day, and the process was given to the officer for service immediately after it was issued; the officer retained the process till about twenty minutes past one o'clock, when he served it, by leaving it with a person of mature age on the premises during the tenant's absence.   The proceeding was called at two P. M., and judgment entered and warrant issued at half-past two, and the tenant arrived at the court house about fifteen minutes after the warrant issued.

E. HAINES, *for plaintiff.*
DAVID MCADAM, *for defendants.*

ROBERTSON, C. J.   It is possible the proof of service of the summons without showing the time of it, may have

been sufficient to confer jurisdiction on the magistrate to issue a dispossessing warrant; at all events injustice in that respect could not be corrected on certiorari, as nothing appears on the record of the time of the service of the summons or the possibility of the tenant's reaching the court room after such service. If the magistrate has an arbitrary right to fix the time of appearance, and the delivery of a summons to a person to be served is the issuing of it, within the meaning of the statute, no similar right is given to the person receiving the summons to diminish as he pleases the time within which the tenant has a right to appear, by delaying its service until too late. If due proof of service in order to comply with the statute may be made simply by proving a delivery of the summons at sometime during the day, sufficient time should be afforded to the party served after the proof is made to attend in order to be heard, particularly where the service is not personal. The law could not have intended such a mockery of justice as to expel a party in possession without an opportunity of being heard. The magistrate might, if the improper issuing of the warrant of dispossession was made known in time, withhold it or possibly might recall it, if so improvidently issued, but I do not find any authority in the statute for reconsidering his decision made on the *ex parte* evidence of the landlord. For an evil under color of legal proceedings, which has no other remedy, an injunction order must be the proper one. Whether the dilatory service of the summons in this case is to be considered a fraud on the law, or the judgment given by the magistrate in the absence of a party who has not had time to arrive at the court room before the hearing after service of the summons, is to be considered as a surprise, I think the right of enjoining may be exercised. The cases of *Vallotton* agt. *Seignett* (2 *Abb.* 121), and *Cure* agt. *Crawford* (1 *Code Rep. N. S.* 18), seem to sustain the first view, and that of *Forrester* agt. *Wilson* (1 *Duer*, 624), the second; of

course staying proceedings on the first warrant now issued, will not prevent a new application to dispossess; of course neither party will be at liberty to use such adjudication on such second application. It is possible, of course, that the plaintiff might have reached the court room in time for the hearing, if the summons had been served upon him personally an hour before the time of appearing; but that was too short apparently to enable the party on whom it was served to carry it to him and for him to find a legal adviser and get to the place of hearing in time. He appears to have used every diligence to reach there in time, and failed. The motion must be granted, with ten dollars costs to the plaintiff, to abide the event of the suit.