## N. Y. SUPERIOR COURT.

### WILLIAM N. McINTYRE agt. ELEONORE HERNANDEZ and another.

From the determination in summary proceedings to recover the possession of premises, instituted before a justice of the *marine court* in the city of New York, *an appeal* does not lie to the court of common pleas.

The only mode of reviewing proceedings of this nature, instituted before any officer other than justices of the peace, is by *certiorari* out of the supreme court.

The cases in which this court will restrain, by *injunction* proceedings of this nature, are those where the tenant has been deprived of an opportunity to make his defense, or where the defense was of an equitable nature not cognizable by the officer.

In cases of this kind instituted before justices of the peace, an *appeal* is allowed.

*Special Term, April,* 1869.

THIS is a motion to continue an injunction *pendente lite.*

The defendant Hernandez, as the landlord of the plaintiff, instituted a proceeding before one of the justices of the marine court to dispossess the plaintiff of certain premises in this city, for non-payment of a quarter's rent, due February 1, 1869.

The plaintiff appeared before the justice, and, having controverted the allegation of rent due, proved that on or about the 10th day of February, he delivered to the landlord a draft, drawn by the plaintiff upon and accepted by one Russell, for the sum of three hundred and fifty dollars, which draft the landlord, by her agent, accepted in full payment and discharge of the quarter's rent due on the 1st day of February. It was further proved that the draft became due on the 16th of February, but was not presented for payment.

The justice rendered judgment in favor of the landlord,

on the ground, as alleged, that the draft not having been paid, there was a default in the payment of rent.

From this judgment the plaintiff appealed under section 5 of the act of April 3,1849, to the court of common pleas of the city and county of New York, giving security as required by law, and demanded that said justice stay the issuing of the warrant in pursuance of such judgment, until the hearing and decision of the appeal.

The justice having declined to stay the issuing of the warrant, the plaintiff, upon the affidavit of the foregoing facts, obtained from a justice of this court, an injunction restraining all proceedings upon the judgment until the further order of the court.

H. S. BENNETT, *for plaintiff.*
P. McTIGHE, *for defendant.*

MONELL, J.—If an appeal could be taken for the determination in the proceeding before the justice of the marine court to the court of common pleas, I am inclined to think enough was done by the plaintiff to perfect the appeal, and that such appeal would stay all proceedings before the justice. But it seems to be quite well settled that no such appeal can be taken. (*People* agt. *Willis,* 5 *Abb.,* 205; *Freeman* agt. *Ogden,* 17 *Id.,* 326, *note*).

The case of *Davis* agt. *Hudson,* (5 *Abb.,* 61,) merely decided that proceedings before a *justice of a city district court,* could be removed by appeal; but even that case has since been disapproved. (*Romaine* agt. *Kinshimer,* 2 *Hilt.,* 520).

The only *mode* of reviewing proceedings of this nature, instituted before any officer other than justices of the peace, is by *certiorari* out of the supreme court.

It is not necessary to decide whether the justice of the marine court could properly treat the appeal as a nullity and refuse to regard it as a stay of proceedings; for, even assum-

McIntire agt. Hernandez.

ing that the appeal was well taken, I have not found the other facts sufficient to sustain the injunction.

The cases in which this court will restrain by injunction proceedings of this nature, are those where the tenant has been deprived of an opportunity to make his defense, or where the defense was of an equitable nature, not cognizable by the officer. (*Degraw* agt. *Hogan*, 1 *Bosw.*, 645; *Seebach* agt. *McDonald*, 21 *How.*, 224; *Griffith* agt. *Brown*, 28 *Id.*, 4; *Monks* agt. *Wilson*, 11 *Abb.*, 87; *Ward* agt. *Kelsey*, 14 *Id.*, 106; *Roberts* agt. *Matthews*, 18 *Id.*, 199).

In such cases a court of equity will sometimes relieve a tenant, and enable him to show by action that he ought not to be deprived of the possession.

But I have never known a case where the tenant has a legal defense to the proceedings, and interposes it and is defeated, that the court will not interfere. Even where he has failed to interpose his defense, an injunction is not allowed, unless in a strong case of fraud or surprise.

For errors committed by the officer, other remedies are provided. In the case of justices of the peace, an appeal is allowed; to other officers, a *certiorari* lies.

Whether these remedies are adequate in all cases may be questioned, but they are such as the legislature has provided, and we can neither alter nor enlarge them.

The motion to continue the injunction must be denied, and the temporary injunction dissolved, with ten dollars costs.