(16 Misc. Rep. 387.)

### LYUNGSTRANDH v. WILLIAM HAAKER CO.

(Supreme Court, Appellate Term, First Department. March 23, 1896.)

1. VOLUNTARY CUSTODY OF GOODS—LIEN FOR COMPENSATION.
   One who, as a mere volunteer, accepts the temporary custody of goods, without any agreement on the subject, has no lien on them for compensation.

2. COUNTERCLAIM—REPLEVIN.
   In replevin against a mere volunteer, taking charge of goods, he cannot plead storage or money advanced to enable plaintiff to buy the goods or due for labor thereon as counterclaims, because they did not arise from nor were connected with the subject of the action, as required by Code Civ. Proc. § 501.

3. SAME—WAIVER—FAILURE TO OBJECT TO EVIDENCE.
   Where evidence was admissible to sustain defendant's claim of lien, an objection to it as supporting the counterclaim was not waived by failure to object.

4. PLEADINGS—INDEFINITE—TRIAL.
   Where the pleadings are oral, and the complaint fails to disclose whether the action is in replevin or trover, and the defendant goes to trial on them without compelling plaintiff to make them more definite, he cannot object to them for the first time on appeal.

Appeal from First district court.

Action by Sven Lyungstrandh against the William Haaker Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

A. C. Shenstone, for appellant.

G. B. Dunn, for respondent.

McADAM, J. Upon joining issue, the plaintiff stated, as his complaint, conversion of his property, valued at $100. The defendant interposed a general denial, and counterclaimed $75 for moneys advanced to enable the plaintiff to purchase the property, $3.09 for labor thereon, $1.55 for empty barrels, 30 cents for rock salt, and $9.75 for storage. The plaintiff testified that the $75 said to have been advanced was paid to him in anticipation of services to be rendered by him, and that all the items of the alleged counterclaims, except that for storage, were charged to him by the defendant on an account he had with it as his employer.

The justice evidently adopted this view, because he found for the plaintiff, holding that the defendant had no lien on the property. No agreement to pay storage was proved, and, as the defendant did not keep a storage warehouse, none can be implied. Alt v. Weidenberg, 6 Bosw. 176. As was said in Rivara v. Ghio, 3 E. D. Smith, at page 267:

"When the law renders it the duty of one to receive and keep, it gives him a lien upon the goods for the compensation. But a mere volunteer, under no such obligation, accepting the temporary custody of goods, without any agreement on the subject has no such lien. He may or may not, according to circumstances, be entitled to compensation as for work and labor, etc., as upon a quantum meruit, but he has no lien."

See, also, Alt v. Weidenberg, supra; Grinnell v. Cook, 3 Hill, at page 491.

The adjudication did not impair the defendant's counterclaims as independent causes of action against the plaintiff, for the decision of the justice, in effect, was that, although they might exist in that form, they were not, under the circumstances, available to the defendant in this action, because they did not arise out of the transaction set forth in the complaint, nor were they connected with the subject of the action. Code, § 501. It is claimed, however, that the counterclaim should have been allowed, because facts in support of it were proved without objection. As such proof was, however, admissible to sustain the defendant's claim of lien, no waiver of the objection to it as supporting the counterclaim can be urged by failure to object.

The form of the judgment has been criticised by the appellant, in that the complaint was for conversion of property, and the judgment in form for replevin for its possession, or its value in case possession cannot be had. The pleadings were oral, and the complaint fails to disclose whether the action is in replevin or trover; but, as conversion would authorize an action in either form, it cannot be said that the judgment is unwarranted. Morris, Repl. 68. The distinction between replevin and trover applies to the effect of the remedy, not to the principles which govern in determining the question of right. Wells, Repl. § 47. If the plaintiff had declared in trover, the form of the action would have been apparent; but he did not. He declared for the wrong done; and, as the defendant appeared in the action, the plaintiff was entitled, under his form of complaint, to such relief as the facts warranted. The defendant might have compelled the plaintiff to elect as to the form in which he would proceed, or to make his complaint more definite in that regard; but it did not adopt either course, and went to trial on the pleadings as they were. It cannot find fault with them for the first time on appeal.

The action must now be regarded as in replevin for the possession of the articles claimed. The justice evidently so considered it. The claims set up by the defendant must have been addressed to the right of possession, with a view of defeating the action; for, as claims against the plaintiff upon independent contracts, they were not pleadable to such an action. People v. Willis, 5 Abb. Prac. 205; Distilling Co. v. O'Brien, 72 Hun, 462, 25 N. Y. Supp. 281; Walker v. Insurance Co., 143 N. Y. 167, 38 N. E. 106. The answer, so far as it attempted to set up a lien to the extent of the claims, was good as a defense, but not as a counterclaim. Id. The justice held there was no lien, and therefore no defense was established, and found for the plaintiff.

The judgment must be affirmed, with costs. All concur.