CHRISTOPHER, Respondent, vs. JERDEE, Appellant.

*January 28—February 18, 1913.*

*Justices' courts: Loss of jurisdiction by adjournment: Waiver: Bail-
ments: Storage of hay: Lien: Demand: Evidence: Value of
storage: Competency of witness: Appeal: Reversal: Option to
take judgment for smaller amount.*

1. The objection that a justice's court lost jurisdiction by an ad-
journment contrary to law was waived by the subsequent vol-
untary appearance of the parties and trial upon the merits.
2. Undisputed evidence that defendant's hay was placed in plaint-
iff's barn by a third person without any fault on plaintiff's
part and was cared for by him, and that defendant did not re-
move or offer to remove it, although he knew the facts and had
been notified that unless it was removed he would be charged
for storage, established plaintiff's right to recover the reason-
able value of such storage.
3. Although plaintiff had no lien in such case for the storage
charges, he was not bound to deliver the hay to one who made
no unqualified demand for it but only proposed, under au-
thority from defendant, to take it away if there were no stor-
age charges on it.
4. In an action to recover for storage of hay, a witness who testi-
fied that he was acquainted with the location and the value of
storage at the place in question and in that vicinity was com-
petent to testify as to such value, although he further testified
that he did not know of any storage being paid at that point.
5. In an action to recover for the storage of hay, upon reversing
a judgment for plaintiff because of the improper exclusion of
competent evidence as to the value of such storage, this court,
in view of the small amount involved, gives plaintiff the op-
tion to take judgment for the smallest amount the jury would
have been warranted in giving him if such evidence had been
admitted.

APPEAL from a judgment of the circuit court for Polk
county: FRANK A. Ross, Circuit Judge. *Reversed.*

Plaintiff brought an action in justice's court on contract
to recover for storage of hay left in his barn. The answer
was in effect a general denial. Plaintiff recovered judgment.
Defendant appealed to the circuit court. The circuit court
directed a verdict for plaintiff on all questions except as to

amount of damages and submitted that question to the jury. The jury found damages $45, for which sum and costs judgment was entered for plaintiff. Defendant appealed to this court.

For the appellant the cause was submitted on the brief of *Mons P. Jerdee,* in person.

For the respondent there was a brief by *H. D. Blanding* and *Frank B. Dorothy,* and oral argument by *Mr. Dorothy.*

KERWIN, J. The evidence shows that the appellant employed one Elmblad to press hay on appellant's farm at Dresser Junction, Wisconsin; that Elmblad was under his employment to press the hay and put it on board cars at Dresser Junction; that a quantity of the hay was pressed and loaded; that about two tons of the hay pressed in bales was left on appellant's farm for a short time, and afterwards and on March 29, 1910, Elmblad went to appellant's farm without the knowledge or consent of appellant and removed the hay left there and placed it in respondent's barn at Dresser Junction. On the following morning, March 30th, Elmblad notified appellant that the hay had been placed in respondent's barn. Appellant then stated to Elmblad that he had no authority to do so and that he would hold all who had taken the hay responsible, and on the same day called on respondent and asked him whether the hay was appellant's, and if so to return it. Respondent then asked appellant to remove the hay and stated if he did not he would charge fifteen cents a day storage. Appellant said the hay was not put in respondent's barn with his consent and that he would not pay storage.

There is evidence that the appellant at different times requested respondent to return the hay, if it belonged to appellant, and that some months after the hay was placed in respondent's barn the appellant, having sold hay to one Eckstrom, informed the latter that he might have the hay on respondent's farm for the same price that he sold other hay to

him provided respondent would not charge storage, but if respondent demanded storage to leave it alone, but that the hay in respondent's barn was to be included in the sale if respondent did not charge storage. It is quite plain that appellant understood the hay belonged to him and he did not offer to remove it, but let it remain in the respondent's barn for about thirteen months. The evidence also establishes that the hay did in fact belong to appellant.

1. A question is raised by the appellant respecting the jurisdiction of the court on the ground that the justice's court lost jurisdiction by an adjournment contrary to the statute, and therefore that the circuit court acquired no jurisdiction on appeal. The point is not well made. Conceding, without deciding, that the justice lost jurisdiction by the adjournment, the point was waived by voluntary appearance thereafter and trial upon the merits before the justice. This is well settled.

2. Error is assigned because the court refused to nonsuit the respondent and in refusing to direct a verdict for defendant, and also in directing a verdict for respondent on all questions except damages. These errors may be treated together. The evidence upon the right of recovery for the reasonable value of the storage is practically undisputed, and we are of opinion that the court below was right in holding that respondent made a case for the recovery of some amount.

Point is made by appellant that the respondent refused to deliver the hay until his storage charges were paid, on the ground that respondent claimed to have a lien for storage, and that he had no lien. We agree with appellant's contention that respondent had no lien. Story, Bailm. secs. 121, 122; *Rivara v. Ghio,* 3 E. D. Smith, 264; *Lyungstrandh v. William Haaker Co.* 16 Misc. 387, 38 N. Y. Supp. 129; *Dale v. Brinckerhoff,* 7 Daly, 45; *Alt v. Weidenberg,* 6 Bosw. 176. But it does not appear from the evidence that the respondent refused to deliver the hay until his storage charges

were paid, and in fact no unqualified demand upon respondent for the hay and refusal by him was shown. True, appellant demanded that respondent carry the hay back to appellant's farm, and also authorized Eckstrom to take the hay if there were no storage charges on it. But appellant did not authorize Eckstrom to make an unqualified demand for the hay. The lien and the storage charges were quite different things. Respondent might have storage charges which he did not choose to relinquish, yet have or claim no lien. So the evidence establishes without dispute that the appellant's hay was placed in respondent's barn without any fault on his part and cared for by him, and appellant did not remove or offer to remove it though he had knowledge of the facts the day after it was placed there, and was notified that if he did not remove it he would be charged storage. Under those circumstances the ruling of the court below under this head was right.

3. Error is assigned in the exclusion of evidence on the question of damages. The respondent made proof of damages tending to support the amount found by the jury. The appellant offered his own evidence to the effect that the storage was reasonably worth only $1 per month. This evidence was objected to on the ground that appellant was not qualified to testify on the subject, and ruled out. So the case was left to stand substantially on the evidence on the part of plaintiff alone. The evidence of appellant offered was proper and it was prejudicial error to exclude it. The appellant, after testifying that he had heard the testimony of plaintiff relative to the value of the storage in question and that he was acquainted with the value of storage room for the hay at the place in question, the location of the barn, and its use, further testified that he did not know of any place at Dresser Junction having been rented for storage of hay at the time of trial, but that he did know that there had been hay stored there; that he did know the fair value for storage of the hay in question per month from the 29th day of March, 1910, up

to the commencement of the action. The witness then testified that $1 per month would be a fair value for the storage. This answer was stricken out by the court. This ruling was clearly error prejudicial to appellant. The court below appears to have been laboring under the impression that because the witness testified, in reply to questions asked, that he did not know of any storage being paid at that point, he was not competent to testify on the question of value of storage. But the witness testified that he was acquainted with the location and the value of storage at Dresser Junction and that vicinity. This was sufficient to qualify him to testify on the subject.

It appears from the record that about thirteen months elapsed from the time the hay was put in respondent's barn until the commencement of this action. In view of the small amount involved, we have concluded to give the plaintiff the option to take judgment for the smallest amount the jury would have been warranted in giving him if the evidence ruled out had been admitted, namely, $1 per month for thirteen months, $13, and let the judgment be modified accordingly. And in case plaintiff fails to consent to such modification of the judgment a new trial is granted.

*By the Court.*—The judgment of the court below is reversed, and the action remanded for a new trial, unless the respondent shall, within twenty days from notice of the filing of the *remittitur* in the court below, file his consent with the clerk of the court below to remit all damages exceeding $13, in which case judgment shall be rendered for the plaintiff for that sum with costs. The appellant is entitled to costs in this court.