WILLIAM H. WALKER, Respondent, *v.* AMERICAN CENTRAL INSURANCE COMPANY, St. Louis, Appellant.

143   167
166   254

In an action upon a policy of fire insurance the complaint alleged the issuing of the policy, which by its terms insured the property for a term beginning February 1, 1891; and that the property was destroyed by fire. The answer set up as a counterclaim that the policy was issued by mistake; that the agreement of the parties and the intention was to renew another policy, which expired February 17, 1891, the renewal not to take effect until the expiration of the original policy. Defendant asked that the policy be reformed so as to take effect only from February seventeenth. No reply was served. On the trial defendant claimed that to put in issue the facts stated as a counterclaim a reply was necessary, and, in the absence of one, they were admitted. *Held,* untenable; that the alleged counterclaim was not such, but only a defense, as it simply amounted to a denial of the making of the contract alleged, or of any liability thereon; that it could not be turned into an equitable counterclaim by asking a reformation of the contract; that any such relief was needless, as proof of the facts pleaded would disprove and defeat plaintiff's claim.

To constitute a counterclaim, the facts stated must amount to an independent cause of action; when they serve merely to defeat plaintiff's cause of action, they amount to a defense, not a counterclaim.

(Argued June 12, 1894; decided October 9, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 15, 1893, which affirmed a judgment in favor of defendants entered upon a verdict.

This was an action upon a policy of fire insurance issued by defendant.

The complaint set up the issuing of the policy on February 1, 1891, insuring the property from that time for one year; that the property insured was damaged by fire to the full amount of insurance on February 6, 1891; that due proofs of loss were furnished and judgment for the amount of the policy was demanded and refused. Defendant's answer admitted the destruction by fire of the property insured on the day specified, and the issuance of the policy, but denied that the proofs of loss furnished were in accordance with the terms of the policy and all other allegations of the complaint except those admitted, and set up as a counterclaim that the policy in suit was issued by mistake; that it was in fact intended as a renewal of another policy issued by defendant on the same property expiring February 17, 1891, and was issued under an agreement between plaintiff and defendant's agent for such renewal, but by mistake was made to take effect February 1, 1891, although it was not intended it should take effect until February 17, 1891, and judgment was demanded that the complaint be dismissed. A further affirmative judgment was also demanded that the policy in suit be so reformed that the risk mentioned in it should take effect February 17 instead of February 1, 1891, and that the court adjudge it to be a renewal of the policy expiring February 17, 1891, and not as an additional insurance. No reply was served. Upon the trial the court held that the matter set up by defendant in his answer as a counterclaim did not constitute one and that no reply was necessary.

Further facts are stated in the opinion.

*Edward A. Washburn* for appellant. The fourth defense set up in the answer constitutes a counterclaim as defined by

section 501 of the Code of Civil Procedure. (*Boston Mills* v. *Eull*, 6 Abb. Pr. [N. S.] 322; 37 How. Pr. 301; *Gleason* v. *Moen*, 2 Duer, 642; *Currie* v. *Cowles*, 6 Bosw. 453; *Moser* v. *Cochrane*, 107 N. Y. 35–38; *Leavenworth* v. *Packer*, 52 Barb. 132–136.) The practice on the part of the defendant at the trial was proper, and sufficient to protect its rights arising on the failure of the plaintiff to serve a reply. (Code Civ. Pro. § 522; *Clinton* v. *Eddy*, 1 Lans. 61.) The counterclaim in this action is based upon the theory that there was no mistake as to the terms of the agreement, but that through the mistake of the agent in reducing the policy to writing, the policy as to the time that it shall commence does not express the agreement actually made. (*Boen* v. *Schrenkeiser*, 100 N. Y. 55; *Pitcher* v. *Hennessy*, 48 id. 415; *Maher* v. *H. Ins. Co.*, 67 id. 283; *Devereux* v. *S. F. Ins. Co.*, 51 Hun, 147; Code Civ. Pro. § 974; *Mackellar* v. *Rogers*, 109 N. Y. 468.)

*E. A. Nash* for respondent. The facts set up in defendant's fourth answer do not constitute a counterclaim. (*Julliard* v. *Chaffee*, 92 N. Y. 529; *Benton* v. *Martin*, 52 id. 570.) The exceptions to the evidence that the plaintiff agreed with Callan, the agent, who wrote the first policy, to let him renew the insurance, are not well taken. (*Blackburn* v. *Weisgerber*, 13 Wkly. Dig. 263; *People* v. *Bragle*, 10 Abb. [N. C.] 300, 303–335; *Nichols* v. *Van Valkenburgh*, 15 Hun, 230.)

FINCH, J. What is pleaded in the defendant's answer as a counterclaim, and asserted to have become conclusive because no reply was served, is, in our judgment, simply and only a defense. Facts pleaded which controvert the plaintiff's claim and serve merely to defeat it as a cause of action are inconsistent with the legal idea of a counterclaim, which is a separate and distinct cause of action, balancing in whole or in part that proved by the plaintiff. (*Prouty* v. *Eaton*, 41 Barb. 409.) It meets the latter, not only by a denial of it, or an attack upon its existence, but by opposing to it an equal or over-balancing demand on the part of the defendant. In this case what is averred to be an

equitable counterclaim is in its legal. effect an allegation that plaintiff's cause of action never in fact existed; 'that the seeming evidence of it was the product of a mistake and not the true record of the contract; and that the risk of a second insurance for one thousand dollars for which the action was brought was never in. fact taken or assumed by the defendant company. In brief, the answer denied the making of the contract alleged, or any liability upon it. Of course, if true, that was a complete defense, and nothing but a defense, and could not be turned into an equitable counterclaim by asking a reformation of the writing. Any such relief was needless and of no possible consequence. When the facts pleaded should be proved their inevitable first effect would be to disprove and defeat the plaintiff's claim, and that result would furnish a remedy complete and perfect, and leave the defendant in a position of entire safety and needing for the protection of its rights no further or other judgment or relief. For the reformation sought would turn the policy sued upon only into an agreed renewal of a policy already matured and settled. There was nothing left upon which such a renewal could operate. The property had been burned : the loss had been paid : and the policy which covered it was dead. It could not be effectively renewed, and if renewed in form would be lifeless and worthless in fact. So that, beyond defeating the plaintiff's claim, the defendant had no right which at all needed a further affirmative judgment. and no such judgment could be ever a practical possibility.

That fact is an insuperable difficulty in the way of regarding this plea as a counterclaim. To be such it must amount to an independent cause of action which the defendant company, if it had not been sued, might have enforced as plaintiff. Assume, therefore, that this suit had not been brought, but that the company had sued in equity upon the pleaded facts to reform the policy. There would have been no equitable cause of action because the remedy at law would be adequate and no necessity or ground for equitable interference would be disclosed. The company could show no right

dependent upon an affirmative renewal of the old policy, for that was already paid and canceled and could not be renewed, and would be wholly nugatory and worthless if its formal existence should be prolonged. The only possible relief would be to cancel and extinguish the second policy issued by mistake. But a defense against that at law as never having been a contract made, as having no legal existence, would be always available against any possible claimant, and no ground for the intervention of equity would appear. The case would be like *Geer* v. *Kissam* (3 Edw. Ch. 129), in which the equitable relief sought was the cancellation of an over-due note, and in which it was held that the action could not be maintained. The defense at law was perfect and fully adequate. Equally so it would be perfect in the case I am supposing, and not only so but the equitable remedy of a reformation would be both superfluous and impossible; superfluous because needless for any purpose, and impossible since the contract as reformed had already been finally executed. The policy existing by mistake could not be valid in any hands: by the fire it had matured and ceased to be a continuing liability under which new rights could accrue: it represented only an existing right of action at law : and was altogether open to the defense that the policy was a mistake and not a contract for the added insurance claimed.

The defense, therefore, was not a counterclaim and no reply was needed, but the objection to the plea in the aspect asserted could be taken at the trial. It was so taken, and the court ruled in accordance with the contention. Nevertheless, the facts pleaded constituted a legal defense, and put in issue the very existence of the contract sued upon. Whether or not there was an actual agreement for the new and added insurance became a question for the jury, which was fought out at the trial and submitted for decision. There was no error in the ruling made.

The judgment should be affirmed, with costs.

All concur, except ANDREWS, Ch. J., not sitting.

Judgment affirmed.