HATZEL et al. v. HOFFMAN HOUSE.

(Supreme Court, Appellate Division, Second Department. February 18, 1896.)

PLEADING—NECESSITY FOR REPLY—SET-OFF OR COUNTERCLAIM.

An answer alleging that a portion of the sum sued for was paid, and that defendant was entitled to credit therefor, and praying that the sum so paid be set off against any sum which plaintiffs are entitled to recover, states a set-off, and not a counterclaim.

Appeal from circuit court, Kings county.

Action by John C. Hatzel and another against the Hoffman House, a corporation. From a judgment for plaintiffs on a verdict directed by the court, defendant appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, BARTLETT, and HATCH, JJ.

John Delahunty, for appellant.
H. C. Henderson, for respondents.

PRATT, J. This appeal raises only one question, to wit, whether the answer of the defendant set up a counterclaim, and thus rendered it incumbent upon the plaintiffs to serve a reply. The suit was instituted to recover for labor, material, and services in fur-

nishing an electric plant for the Hoffman House. The answer, material to this discussion, contained the following, to wit:

"Fourth. That the plaintiffs entered into a contract, and it was agreed that a great portion of the work for which the plaintiffs have charged was paid for by the landlord, and plaintiffs had agreed that defendant should be credited with the same. Defendant denies that said work and materials sued for herein were all extra, and not included in the original contract, and avers that a great portion of said work and materials was required to be done and furnished under said contract. Fifth. It was agreed by and between the plaintiffs and defendant that for the work, labor, and services referred to in the complaint herein, the defendant should be entitled to a credit for so much of said work and materials as was omitted under said contract with the landlord of said premises, and paid for by him, and to that extent the defendant should have credit accordingly, and for any deviation from the said contract, work, and materials, made at the request of the defendant, they should charge only about the cost of such changes to them. That this defendant is informed and believes the credits under that arrangement, to which the defendant is entitled, amount to in or about the sum of $700, less the amount demanded in the complaint. Sixth. And defendant, answering said complaint, and by way of counterclaim to the cause of action set forth therein, alleges that by reason of said agreement and arrangement made by and between the plaintiffs and defendant, as hereinbefore, in the fourth and fifth paragraphs of this complaint, set forth, the defendant became entitled to a credit of upwards of $722, which the defendant asks may be offset against any sum which it shall appear the plaintiffs are entitled to recover in this action. Wherefore defendant demands judgment that the complaint herein be dismissed, with costs, or that the said sum of $722, for which the defendant is entitled to credit as aforesaid, may be offset against any sum which it may appear the plaintiffs are entitled to recover in this action."

It seems plain that this pleading is a set-off, and not a counterclaim. The defendant does not even say that the plaintiffs owe it any amount whatever; but the plea is really a conclusion of law, and not of any facts constituting a counterclaim. It simply says that it ought to be credited a certain amount on the plaintiffs' account. To constitute a counterclaim, the facts stated must amount to an independent cause of action. When they serve merely to defeat plaintiff's cause of action, they amount to a defense, and not to a counterclaim. Walker v. Insurance Co., 143 N. Y. 167, 38 N. E. 106. The matter was not, in the prayer for relief, designated as a counterclaim, but was claimed as an offset against plaintiffs' claim. Society v. Cuyler, 75 N. Y. 511; Manufacturing Co. v. Trowbridge, 68 Hun, 28, 22 N. Y. Supp. 674. After defendant had made a motion for judgment upon the pleadings, on the ground that a counterclaim was pleaded, which was denied, the plaintiffs proved their case. No evidence was given by defendant upon its set-off, and the court directed a verdict for the plaintiffs for the amount of their claim.

The case was properly disposed of, and judgment must be affirmed, with costs.

BROWN, P. J., and HATCH, J., concur. BARTLETT, J., concurs in the result.