Vol. 100]     JANUARY TERM, 1897.          341

Commonwealth v. Equitable Life Assurance Society of the U. S.

CASE 49—PETITION—JAN. 6.

# Commonwealth v. Equitable Life Assurance Society of the United States.

### APPEAL FROM MASON CIRCUIT COURT.

1. PENAL STATUTE—LIMITATION.—An action against a life insurance company to recover a fine for violation of the provisions of section 656 of the Kentucky Statutes relating to a rebate of premium payable on a policy issued by it, is a penal action to recover the penalty for violation of a penal statute, and is barred by limitation in one year from the date the cause of action accrued. The provisions of section 1138, Kentucky Statutes, applies to such actions, and not those of section 2515.

E. L. WORTHINGTON FOR APPELLANT.

1. The only way to reconcile the provisions of sections 1138 and 2515 of the Kentucky Statutes is to consider the limitation provided by the first section as applying only to criminal offenses which may be prosecuted by indictment or other criminal process, and the other as applying to civil actions to recover penalties for which only ordinary money judgments can be obtained.

WM. J. HENDRICK OF COUNSEL ON SAME SIDE.

RICHARDS, BASKIN & RONALD FOR APPELLEE.

1. The offense charged in the petition is entirely a penal one, and the action entirely penal or criminal in its nature. In such cases the limitation of one year provided by section 1138, Ky. Stats., applies. (Boyd v. Com., 91 Ky., 480.)

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT:

This action was instituted in the Mason Circuit Court by the Commonwealth of Kentucky against the Equitable Life Assurance Society of the United States, a corporation having its main office in New York, and which, as appears from the petition herein, has been

duly authorized to do business as a life insurance com-
pany in this Commonwealth, to recover a fine from
said defendant for a violation of the provisions of sec-
tion 656 of the Kentucky Statutes, relating to a rebate
of premium payable on a policy issued by it.    The
allegation of said petition is that "said company did,
on the ——— day of February, 1894, by its duly au-
thorized agent, J. D. Rummons, contract with one Ya-
gell to insure his life for the sum of $5,000; in consid-
eration of his agreement to pay an annual premium of
$146, and to issue him a policy to that effect, and, in
order to induce the said Yagell to agree to take out
said policy with it, the said company, by its agent,
agreed with said Yagell, prior to issual thereof, that
when he paid the first installment premium of $146 it
would pay back to him as a rebate the sum of $16; and
that the said Yagell under said agreement took out
said policy and paid the first installment premium of
$146, and that said defendant, pursuant to its agree-
ment made by its agent, gave back to the said Yagell
the said sum of $16 as a rebate; and that said rebate
was not expressed or provided for in the policy con-
tract of insurance.

This petition was filed in the Mason Circuit Court on
the 20th day of May, 1895, about fifteen months after
the alleged cause of action accrued.    A demurrer was
filed by defendant to the petition of plaintiff, and same
was sustained, and a judgment entered dismissing
said petition, and from this order of dismissal this ap-
peal is taken.

Vol. 100]        JANUARY TERM, 1897.              343

Commonwealth v. Equitable Life Assurance Society of the U. S.

The only question presented by the demurrer afore-
said is whether said action, at the date of its institu-
tion, was barred by the statute of limitation in such
actions made and provided.

It is contended by appellant's counsel that the lim-
itation provided by section 2515 of the Kentucky Stat
utes, which is fixed at five years, applies to actions
brought under section 656 of the Kentucky Statutes,
and in support of his contention he makes a very in-
genious argument.   On the other hand it is contend-
ed by appellee that the limitation upon actions under
this section is fixed by the provisions of section 1138,
and expires in one year from the date of their viola-
tion.

In our opinion these sections of the Kentucky Stat-
utes are intended to relate to two entirely different
classes of actions, and are in no sense repugnant to
each other, although they both apply to actions to re-
cover penalties.

Section 2515 is found in chapter 80, the chapter
which is entirely devoted to fixing limitations upon all
classes of civil actions, whilst section 1138 is found in
chapter 36, which is entirely devoted to the subject of
crimes and their punishment.

This is certainly a penal action, brought to recover
the penalty for the violation of a penal statute, which
is imposed, as a punishment for a public offense; and,
in our opinion, the limitation upon same is one year
from the date when said cause of action accrued.

Section 2515 was intended to apply to civil actions

344          KENTUCKY REPORTS.          [Vol. 100

where damages in the nature of a penalty are annexed.

The distinction between these two sections was pointed out by this court in the case of Boyd v. Commonwealth, 91 Ky., 480.

The judgment of the lower court is affirmed.