CASE 18—ACTION BY COMMONWEALTH TO RECOVER A PENALTY FOR MAKING DISCRIMINATION IN RATES—MARCH 19.

# Equitable Life Assurance Society of the United States v. Commonwealth.

APPEAL FROM TODD CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

PENAL ACTION—REPEAL OF STATUTE—NECESSITY OF INDICTMENT—DISCRIMINATION IN INSURANCE RATES—FAILURE TO EXPRESS CONTRACT IN POLICY—CONSTITUTIONALITY OF STATUTE REQUIRING DEFENDANT TO CRIMINATE HIMSELF—NECESSITY OF FILING ANSWER.

Held: 1. Cr. Code Prac., section 11, providing that a public offense of which the only punishment is a fine may be prosecuted by a penal action, was not repealed by Kentucky Statutes, section 1141, providing that, "in misdemeanor cases where the highest penalty that may be imposed is a fine of one hundred dollars and imprisonment for fifty days, the offender may be prosecuted

Equitable Life Assur. Soc. of United States v. Commonwealth.

·by warrant as provided in the Criminal Code, or by informa-
tion filed by·the Commonwealth's attorney or county attorney."

2. Const. section 12, providing that, with certain· exceptions, "no
person for an indictable offense shall be proceeded against crim-
inally by information," does not apply to misdemeanors pun-
ishable by fine, and therefore the Legislature had power to pro-
vide for the prosecution of such offenses by penal action.

3. Kentucky Statutes, section 656, providing that no life insurance
company doing business in Kentucky shall make or permit
any distinction or discrimination in rates "in favor of individ-
uals between insurants of the same class and equal expecta-
tion in life," or make any contract of insurance other than is
plainly expressed in the policy issued thereon, or allow any re-
bate of premium, is not unconstitutional, as being in restraint
of trade or as preventing competition.

4 An insurance company may discharge its debt to its agent by is-
suing a policy of insurance on his life, provided he is charged
the same rate that is charged other insurants of the same age
and equal expectation of life; but if the company agrees to pay
him for his services more than they are worth, with the de-
sign of giving him a rebate on premiums, there is a violation of
the statute.

5. Where premiums are paid in something other than money, it is
not necessary to recite that fact in the policy in order to pre-
vent it from being a violation of the statute.

6. As the defendant in a penal action can not be required to fur-
nish evidence against himself, it is error to require him to file
an answer specifically denying·all of the allegations of the
petition; a plea of not guilty being all that is necessary.

HUMPHREY, BURNETT & HUMPHREY, ATTORNEYS FOR APPELLANT.

PERKINS & TRIMBLE, OF COUNSEL.

(Original brief not in the record.)

The following is taken from supplemental brief:

In support of the proposition that appellant was compelled to
give evidence against itself, in the court below, and that the
verdict was based upon enforced admissions contained in what
the trial court held to be an "insufficient" answer in this penal
action we call the court's attention to the case of Wilson v.
Com. for the use of Klette, 7 Bush, 536, in which the court in
reversing the judgment used this language: "The court was not
authorized to render judgment against him (Wilson) as it seems

Equitable Life Assur. Soc. of United States v. Commonwealth.

to have done, without proof, upon an implied confession of those charges by his failure to file a sufficient answer."

This case seems directly in point and the trial court having proceeded in opposition to the above views, we ask a reversal.

JAMES R. MALLORY AND ROBERT J. BRECKINRIDGE, ATTORNEY GENERAL, FOR APPELLEE.

It is contended by appellants:

1. That sec. 11 of the Criminal Code was repealed by sec. 1141 of Kentucky Statutes.

2. That said section 11 is unconstitutional.

3. That section 656, Kentucky Statutes, is unconstitutional.

4. That the judgment in this case was rendered without sufficient evidence or upon evidence extorted from appellant by the Commonwealth.

The first and second contentions were settled by an opinion by Judge Hobson in L. & N. R. R. Co. v. Com., 18 R., 610; see also Harp v. Com., 22 R., 1792; Com. v. L. & N. R. R. C., 80 Ky., 291; Com. v. Sherman, 85 Ky., 686; Williamson v. Com., 43 Ky., 146; Hines' Case, p. 639.

We submit that under the weight of authority sec. 656 of the Kentucky Statutes is not unconstitutional, but that on the contrary it is a good and wholesome law enacted under the police power of the State, for the protection and welfare of its citizens.

In regard to the fourth contention we have but little to say. The bill of exceptions shows that the intervention of a jury was waived and the cause submitted to the court for trial, but fails to disclose the fact that it was an agreed judgment. We are willing that the court pass upon this question without further comment from us.

### CITATIONS.

Kentucky Statutes, sec. 656; People v. Gibson, 17 N. E., 343; Sarrls v. Com., 83 Ky., 327; Fugg v. Thompson, Judge, &c., 20 R., 1322; Com. v. Fowler, 16 R., 360; Bullitt v. City Paducah, 8 R., 870; Schoolcraft's Admr. v. L. & N. R. R. Co., 13 R., 517; Con. of Ky., sec. 215; L. & N. R. R. Co. v. Pittsburg K. & Coal Co., 23 R., 1318; Bohon's Assee. v. Brown, 19 R., 540; Mo. Pac. Ry. Co. v. McKay, 127 U. S., 205; 14 Am. to the Constitution of the United States.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT—REVERSING.

This proceeding was instituted by filing a petition in the Todd circuit court. An amended petition was filed.

The averments of these pleadings essential to be stated here are that the appellant, through its agent. Wilkinson, entered into a contract with one William Coleman whereby it agreed, in consideration that he would aid and use his influence to procure another party to take out a policy of insurance with it, it would issue to him a policy of insurance on his life, and without any payment of premium or other consideration in the fulfillment of the contract; that it issued and delivered to him the policy on his life; that the contract was a distinction and discrimination in favor of him as to the amount and payment of premiums charged for policies of life insurance issued by it, which distinction and discrimination it did not make in favor of other parties of the same class and equal expectation of life to whom it issued policies of insurance; that the contract was not expressed anywhere in the policy; and that the amount of the policy is unknown to the plaintiff. A reversal is asked because it is claimed: (1) Section 1141, Kentucky Statutes, repeals sections 10 and 11 of the Criminal Code of Practice; that the action can not be maintained under that section of the statute. (2) That the proceeding is of the nature of an information, and that it is violative of section 12 of the Kentucky Constitution, which reads as follows: "No person, for an indictable offense, shall be proceeded against criminally by information, except in cases arising in the land or naval forces or in the militia, when in actual service in time of war or public.danger, or by leave of court for oppression or misdemeanor. in office." (3) That section 656 of the Kentucky Statutes, is unconstitutional. It reads as follows: "No life insurance, company doing business in Kentucky shall make or permit any distinction or discrimination in favor of individuals between insurants of the

130          KENTUCKY REPORTS.          [Vol. 113

Equitable Life Assur. Soc. of United States v. Commonwealth.

same class and equal expectation in life in the amount or
payment of premiums or rates charged for the policies of
life or endowment insurance, or in the dividends or other
benefit payable thereon, or in any other of the terms and
conditions of the contracts it makes; nor shall any such
company or any agent thereof make any contract of insur-
ance or agreement as to such contract, other than is
plainly expressed in the policy issued thereon; nor shall
any company pay or allow, or offer to pay or allow, as in-
ducement to insurance, any rebate of premium payable on
the policy, or any special favor or advantage in the divi-
dends or other benefit to accrue thereon, or any valuable
consideration or inducement whatever not specified in the
policy contract of insurance. Every company, or officer or
agent thereof, who shall violate the provisions of this sec-
tion, shall be fined in any sum not exceeding five hundred
dollars, to be recovered by action in the name of the Com-
monwealth, and, on collection, paid into the State treasury."
(4) Defendant can not be made to furnish evidence against
itself. (5) There is no evidence conducing to sustain the
charge. We will consider the questions in the order stated.

This court recently had under consideration questions
similar to the first and second ones, raised in the case of
Louisville & N. R. Co., v. Com., 112 Ky., — (23 R., 1382),
(66 S. W., 505), wherein it was held that section 1141, Ken-
tucky Statutes, did not repeal sections 10 and 11 of the
Criminal Code of Practice; that the law which authorized
a proceeding like this was not violative of section 12 of the
Constitution. In view of the recent consideration and dis-
cussion, we forbear to again give reasons for answering
both of the above propositions in the negative.

As to the third proposition, it is urged that section 656
of the Kentucky Statutes is unconstitutional, because (a)

it is a denial of the free right of trade and traffic, and there-
fore an abridgment of that right of liberty and property
guarantied by the Constitution; (b) that it prevents com-
petition.  This court, in Com. v. Equitable Life Assur. Soc.,
100 Ky., 341 (18 R., 778) (38 S. W., 491), had under consider-
ation a petition to recover a penalty denounced in section
656.  No question seems to have been raised in that case
as to the constitutionality of the law.  The court recog-
nized that the Commonwealth had the right to recover
the penalty named in the section.  In the case of Com. v.
Long (17 R., 207) (30 S. W., 628), the court had under con-
sideration a proceeding under section 656.  It recognized
the validity of the statute by adjudging what court had
jurisdiction of the proceeding to recover the penalty, al-
though the constitutionality of the act was not questioned
in that case.  The Legislature must be credited with the
design, in the enactment of the statute under considera-
tion, to benefit the public.  Wise and prudent business
men not only regard that there is an obligation on them to
support and care for their families during their lives, but
that it is provident and wise to protect them against want
by life insurance.  Of course, life is of uncertain duration.
Policies of life insurance may run for 40 or 50 years or
more, and those who buy them are deeply interested in hav-
ing their policies issued in a solvent company.  Every one
who takes out a life insurance policy is interested in the
solvency of the company.  It is important that the business
of the company should be successfully conducted, and that
it should at the end of a long period be able, by collecting
sufficient premiums to meet the demands of the beneficiaries
in the policies.  The General Assembly evidently thought
that it was wise to prevent insurance companies and their
agents from engaging in a cut-rate business, and thus avoid

.the dangers that might follow from the collection of insufficient amounts from the policy holders. These, perhaps, are the considerations which influenced the General Assem-. bly to enact the statute. Insurance companies are somewhat of a quasi public nature, and the law-making department so regarded them, because it established an insurance bureau to inquire into their condition, and see that certain laws enacted for the benefit of the public were enforced. The argument of counsel for the appellant is largely based upon what he believes to be an erroneous conception of the statute. The statute does not prevent competition of insurance companies in the matter of fixing the rates to be charged for policies of life or endowment insurance. It does not attempt to require or authorize insurance companies to make a uniform rate for persons of specific ages or classes of policies. The statute, in effect, declares that, when a company fixes a rate for the insurance of the same class and equal expectation of life, that rate shall be adhered to, without distinction or discrimination; that there shall be no special contract as to dividends or benefits payable on the policy; that whatever contract of insurance is made between the parties shall be written in the policy; that no company or agent shall pay or allow, as an inducement to insurants, any rebate on premiums payable on the policy, or any special favor or advantage in dividends or other benefits, or any valuable consideration or inducement whatever not specified in the policy contract of insurance. It is assumed by counsel for appellant that under this section the premiums must be paid in money— can not be paid in anything else. It is therefore argued that it is in restraint of trade; that it is an abridgment of that right of liberty and property guarantied by the Constitution. If counsel's conclusions as to the meaning of

the section is correct, then the question which they discuss
would arise.  It is our opinion that the section does not
bear the interpretation given it.  Of course, the law re-
quires that the contract between the parties shall be ex-
pressed in the policy  Among other things, it shall show
the amount of premium to be paid; when payable; whether
or not the beneficiary is to participate in the dividend;
whether or not it is an endowment policy, etc.  The section
does not say that the premium shall be paid in money. There
is nothing in the section which would prevent an insurance
company from accepting from the insured property in pay-
ment of the premium.  Suppose that the annual premium
was to be $100 on the policy on the life of A.  A. did not
have the money, but had a horse of the value of $100, and
the insurance company desired to buy it, and would accept
it in payment of the $100, and did so.  It would not incur
the penalty denounced by the statute.  It would not be is-
suing a policy to A. on more favorable terms than one to
B., who was of the same age and equal expectation of life,
who was required to pay the same amount in money.  A.
paid his premium by giving the company its equivalent in
a horse.  If there was a recitation in the policy that A.
had paid his premium, it would not be untrue, nor would it
fail to express the terms between the parties.  The prem-
ium was as fully discharged by the delivery of the horse
as it would have been by the payment of the money.  The
company had the right to employ Coleman to solicit bus-
iness for it.  It had the right to agree with him as to what
his compensation should be.  We are of the opinion that it
is not a violation of the statute for the company to dis-
charge its debt to Coleman by issuing a policy of insurance
on his life, providing he is charged the same rate that is
charged other insurants of the same age and equal expec-

tation of life. It would not be a violation of the statute if the contract had not recited how the premium was paid. The demands of the statute are satisfied when the regular rate of premium is charged, and that rate, etc., is stated in the policy. If an insurance agent or company should pay more for property than a fair value in accepting it in the payment of premiums, or should agree to pay one more for his services than they were worth to solicit business for the company, and either was done with the design to give the insured a rebate on premiums, etc., it would be a violation of the statute. In a proper case these questions of fact can be submitted to a jury under appropriate instructions.

The Commonwealth has no right to make the defendant furnish evidence against itself in this case, any more than if it was a proceeding by indictment. All the defendant need do is to plead "Not guilty." Then the Commonwealth must establish its case in the same manner as it would do if it was a proceeding under an indictment. This court so ruled in Louisville & N. R. Co. v. Com. The bill of exceptions does not show that any evidence was heard to establish the guilt of the defendant.

The judgment is reversed for proceedings consistent with this opinion.

Whole court sitting.