Thomas A. McGee, Plaintiff, *v.* George W. Felter, Defendant.

(County Court, Kings County, Trial Term, January, 1912.)

Insurance — Requisites and validity of contract — Forfeiture of policy — Premiums and assessments — Persons entitled to make payment — Payment by note.

Pleading — Answer or plea — Set-off, counterclaim, recoupment and cross bills.

The object of section 89 of the Insurance Law is to require life insurance companies to give equal terms to be fixed in the policies to insurers of the same class, and to give special favor to no one, and its operation is directed against considerations or inducements to a contract of insurance which are not specified in the policy.

In an action by an indorsee, who was not an innocent holder in due course, against the maker of a promissory note given for the first premiums of certain policies of insurance issued upon his life by a foreign insurance company authorized to do business in this State, the fact that the note was payable without interest in eighteen months after the delivery of the policies does not constitute a violation of section 89 of the Insurance Law, and under an answer which, in addition to a mere denial of any indebtedness on the note, alleges as an affirmative defense, of which no proof was given, that the note was procured by the false and fraudulent representations of the payee, who was also the agent of the company, and there is no allegation that any consideration or inducement not specified in the policies was offered the defendant, the plaintiff is entitled to judgment; as the delivery of the policies was a good consideration for the note.

If the transaction concerning the note came within the prohibition of section 89 of the Insurance Law, it was incumbent upon defendant to allege and prove that the note was taken and made upon a consideration or inducement for defendant's taking out the policies but not specified therein.

Facts to constitute a counterclaim must amount to an independent cause of action and the repetition of the allegations of the affirmative defense as a counterclaim was insufficient and called for no reply.

Matter pleaded as a counterclaim, but which in legal effect is not such, is not admitted by a failure to reply thereto.

Action upon a promissory note.

County Court, Kings County, January, 1912. [Vol. 75.

Weadock & Miner, for plaintiff.

Frederick N. Van Zandt, for defendant.

NIEMANN, J. This action is brought to recover $895.75, upon a promissory note made and delivered by defendant to one Charles Warren Pickell, dated Brooklyn, N. Y., November 26, 1907, and payable at the Greenpoint Savings Bank, Brooklyn, N. Y., on or before July 1, 1909, and thereafter indorsed and delivered to the plaintiff.

The answer does not deny the making and delivery of the note, but denies that defendant is indebted to the plaintiff thereon and alleges, as an affirmative defense, that the making and delivery of said note was procured by the said Pickell by means of false and fraudulent representations, in substance as follows:

Said Pickell was an agent for the Massachusetts Mutual Life Insurance Company. The defendant was a mortgage loan broker. The said Pickell and defendant in the month of November, 1907, were passengers on the steamer *Celtic* going from Liverpool, England, to New York city, and said Pickell solicited defendant to take out life insurance policies for an aggregate amount of $25,000 in said company. Defendant informed said Pickell that he was financially unable to pay for any additional insurance from his then income. Pickell then stated to defendant that he had a large number of very wealthy friends from whom he could and would procure money for investment by defendant on bond and mortgage, and that the said company also had large sums of money to lend on bond and mortgage, and that he, Pickell, could and would procure and influence said company to lend to defendant money on bond and mortgage, for which defendant would receive his usual commission from the borrower, and that the commission defendant would receive, on money furnished him by said Pickell and his wealthy friends and said company for investment on bond and mortgage, would be sufficient to pay the annual premium on said policies, and that in this way the policies would not cost defendant anything; and said Pickell stated that he would furnish and supply the

funds to make such loans as the defendant would send the applications for, provided the security was satisfactory; that defendant relying on said representations took out policies in said company for the sum of $25,000, which policies were delivered to him by said Pickell on or about the 26th day of November, 1907, and on said day defendant executed the note in suit, for the first annual premium on said policies; that, after the execution and delivery of said policies and note, the defendant at various times submitted to said Pickell applications for loans upon property which was amply sufficient as security, but said Pickell failed, neglected and refused to furnish defendant money to invest thereon on bond and mortgage; that the said statements were fraudulently made by the said Pickell for the purpose of influencing and procuring the said defendant to take out said policies of insurance and to execute the said note, and when defendant discovered the falsity of said statements he repudiated the transaction and surrendered the said policies to said Pickell and said company for cancellation and demanded the return of and delivery of said note to defendant; that plaintiff has paid no consideration for said note; that he did not purchase it before maturity, but that it has been indorsed to him solely for the purpose of bringing this action and to avoid giving security for costs, said Pickell being a non-resident of this State, and that there is an arrangement or agreement between said Pickell and plaintiff that, in the event of a recovery in this action, plaintiff is to immediately turn over and deliver to said Pickell whatever sum of money he may receive from defendant herein, and that plaintiff is the agent and trustee of said Pickell in the institution of this action, and it is brought solely for the uses and benefit of said Pickell. In conclusion defendant alleges that, by reason of said false and fraudulent representations and statements, said Pickell and this plaintiff are not entitled to recover anything on said alleged note, and that said note is void and of no effect as to this defendant.

After setting forth the foregoing facts as an affirmative defense, the defendant substantially realleges and repeats the allegations of the affirmative defense, under the head, "And

for a further answer to said complaint and as a counterclaim to the supposed cause of action therein set forth, the defendant alleges," and concludes with the following prayer for relief, "Wherefore defendant says that, on account of the false and fraudulent statements made by said Pickell to defendant, said note is null and void, and neither Pickell nor his agent, the plaintiff, is entitled to recover anything of defendant; that, in the event it is found that defendant is indebted to plaintiff or said Pickell in any sum by reason of the execution and delivery of said note, then that defendant have judgment for a like sum on his counterclaim against plaintiff, and that the complaint be dismissed with costs and disbursements to defendant."

Upon the trial, the defendant admitted the making of the note and its delivery to the said Charles Warren Pickell, the payee therein named. Plaintiff admitted that he was not an innocent holder of the note for value in due course without notice and that any defense accruing to the maker which would be available against the payee is available against the plaintiff.

The defendant offered no evidence upon the trial in support of his defense, except that he proved that the note was given to pay the first premiums on five life insurance policies issued by the Massachusetts Mutual Life Insurance Company to the defendant amounting to $25,000, and that the application for the insurance and any agreements made were made upon the ocean, on the White Star Steamer *Celtic,* west bound, and that, upon the delivery of the policies and the execution of the note, receipts were issued to the defendant for the first year's premium of said policies in pursuance of the agreement between Pickell and defendant. It was also proved by the defendant that the said note was made in this State and was payable here without interest a year and a half after the policies were delivered.

At the close of the evidence the defendant was permitted to amend his answer to make it conform to the evidence, by setting up that the Massachusetts Mutual Life Insurance Company, at the time that said note was delivered, was authorized to do business in this State, and that they had duly

authorized agents to do business in this State, and that said Pickell was one of such agents.

The defendant claims that he is entitled to judgment dismissing the complaint upon the testimony and admission showing that the note in suit was taken for eighteen months without interest, as an inducement outside of the terms of the policy, and that this constituted a violation of section 89 of the Insurance Law, prohibiting discrimination; and defendant also claims that, if the plaintiff is entitled to judgment on said note, the defendant is entitled to judgment on his counterclaim, because no reply thereto was served by the plaintiff.

(1) The provision of the Insurance Law under which the defendant claims the note in suit is void reads as follows: " No life insurance corporation doing business in this state shall make or permit any discrimination between individuals of the same class or of equal expectation of life, in the amount or payment or return of premiums or rates charged for policies of insurance, or in the dividends or other benefits payable thereon, or in any of the terms and conditions of the policy; nor shall any such company permit or agent thereof offer or make any contract of insurance or agreement as to such contract other than as plainly expressed in the policy issued thereon; nor shall any such company or any officer, agent, solicitor or representative thereof pay, allow or give, or offer to pay, allow or give, directly or indirectly, as inducement to any person to insure, or give, sell or purchase, or offer to give, sell or purchase as such inducement or in connection with such insurance any stock, bonds or other securities of any insurance company or other corporation, association or partnership, or any dividends or profits accruing thereon, or any valuable consideration or inducement whatever not specified in the policy, nor shall any person knowingly receive as such inducement, any rebate of premium, or any special favor or advantage in the dividends or other benefits to accrue thereon, or any paid employment or contract for services of any kind or any valuable consideration or inducement whatever, not specified in the policy."

Defendant claims that the giving and accepting of a note

23

for the first year's premium, payable in eighteen months and without interest, in effect postponed the payment of that premium for a year and a half without interest, and constituted a violation of the prohibition against giving discriminations and against rebates of premiums.

It will be unnecessary to consider the allegations set up in the affirmative defense as to the alleged agreement to furnish defendant with money enough for loans to enable him to realize the premiums out of his commissions for making the loans, because the defendant made no proof whatever in support of said allegations. The sole question, then, under the defendant's affirmative defense is, whether the taking of a note payable at a future date without interest constitutes a violation of said provision of the Insurance Law.

Pickell agreed to accept Felter's eighteen months' note and pay the first premium for him and deliver the policies. There was a good and valid consideration given for the note, through the issuance of the policies which might become enforcible against the Massachusetts Mutual Life Insurance Company. The policies were delivered and the receipts for the premium issued by the company's general agent. The policies were sent to the defendant by Pickell, together with the note in suit in a letter. The policies were retained by the defendant, and the note was signed by the defendant and delivered by him to Pickell, who, in turn, delivered receipts to the defendant for the first premium. No question has been raised against the validity of the policies and it was shown by defendant that they were a binding contract enforcible in favor of the insured against the Massachusetts Mutual Life Insurance Company, inasmuch as they were delivered and the receipts for the premium issued by its general agent. Even if the premium had not been actually received by the company, the policies having been delivered with the authority of the general agent, they became a binding contract enforcible in favor of the assured. Equitable Trust Co. v. Taylor, 146 App. Div. 424.

It cannot be said that there is anything inherently wrong in the practice of agents accepting notes in payment of premiums. It is a fact, well known in the business world and

recognized by the courts, that premiums are frequently paid by the insured giving his note to agents. Tooker v. Security Trust Co., 26 App. Div. 372; affd., 165 N. Y. 608; Stewart v. Union Mut. Life Ins. Co., 155 id. 257; Wallabout Bank v. Peyton, 123 App. Div. 727. The note was for the full amount of the premium. There was no deduction by way of rebate. It is not pleaded, nor was any evidence given, that an agreement was made between Pickell and defendant that, by way of inducement, the note should be without interest. If Pickell personally chose to waive interest, he had a perfect right to do so. There is nothing in the law which compels one to insist upon or accept interest.

Assuming that the taking of the note without interest would constitute a consideration or inducement within the meaning of section 89 of the Insurance Law and sections 1191 and 1200 of the Penal Law, the operation of the statutes is directed only against considerations or inducements *not specified in the policy*. There is no allegation in the answer that any consideration or inducement was offered the defendant which was *not specified in the policy,* nor is there anything in the evidence to show that the transaction between Pickell and the defendant was not perfectly legal. It was incumbent upon the defendant to allege and prove that the transaction concerning the note came within the prohibition of the statute, and to do this he had to allege and prove that the note was taken and made payable without interest as a consideration or inducement for taking out the policy, and that such consideration or inducement was one *not specified in the policy*. In this the defendant has failed. Even if it might be implied or taken for granted, without allegation or proof, that the note was taken by way of consideration or inducement because it ran without interest, there was no allegation or proof that such consideration or inducement was one *not specified in the policy,* that is, the non-existence of such a clause in said policies was not negatived in defendant's said affirmative defense. State of Maine v. Schwartzchild, 82 Maine, 261. The policies were not produced or offered in evidence, and there is nothing to show in this case that any of the things alleged by the plaintiff as considerations or in-

ducements were not specified in the policies. The object of the statute is to require life insurance companies to give equal terms to insurers of the same class, and to fix equal terms of insurance in their policies, and to give no special favor to any particular person or persons. The vice is not in the giving of a rebate, inducement or consideration, but the giving of any rebate, inducement or consideration *not specified in the policy.* Equitable Life Assurance Society v. Commonwealth, 67 S. W. Rep. 388.

(2) The defendant claims that, because the plaintiff did not reply to the matter realleged by the defendant under the head of a counterclaim, all the facts so realleged are admitted and that he is entitled to judgment upon such counterclaim. This brings up the question whether the matter so realleged constitutes a counterclaim within the meaning of the law. A mere designation of matter as a counterclaim does not in fact make it such. To constitute it a counterclaim the facts stated must amount to an independent cause of action. Walker v. American C. Ins. Co., 143 N. Y. 167; Spofford v. Rowan, 124 id. 108; Hatzel v. Hoffman House, 2 App. Div. 121; Prouty v. Eaton, 41 Barb. 409; Cragin v. Lovell, 88 N. Y. 258. As stated by Finch, J., in Walker v. American C. Ins. Co., *supra* (at p. 169): "Facts pleaded which controvert the plaintiff's claim and serve merely to defeat it as a cause of action are inconsistent with the legal idea of a counterclaim, which is a separate and distinct cause of action, balancing in whole or in part that proved by the plaintiff. (Prouty v. Eaton, 41 Barb. 409.) It meets the latter not only by a denial of it, or an attack upon its existence, but by opposing to it an equal or over-balancing demand on the part of the defendant." The defendant in this case could sustain no damage unless he had to pay the note in suit. If the matter which he alleges as an affirmative defense and realleges as a counterclaim were established, it would defeat and extinguish the note. Matter which shows that the plaintiff never had a cause of action against the defendant which the law would aid him in enforcing is not a counterclaim. Prouty v. Eaton; Walker v. American C. Ins. Co., *supra.* The matter alleged by the

defendant is intended to destroy the note as a legal obligation. In other words, it is an attack upon the very life of the plaintiff's cause of action. It is a defense, and in no way a counterclaim. Calling it a counterclaim does not make it such, for, as said by Judge Finch in Walker v. American C. Ins. Co., *supra* (at p. 170) : " To be such it must amount to an independent cause of action which the defendant company, if it had not been sued, might have enforced as plaintiff."

It is well settled that, where matter has been set up as a counterclaim which in legal effect is not a counterclaim, a failure to reply thereto will not be deemed as admitting it. Baylies Code Pl. & Prac. (2d ed.) 464; Spofford v. Rowan, *supra*; Mackenzie v. Farrell, 4 Bosw. 192.

The plaintiff is entitled to judgment for the amount of said note, with costs.

Judgment for plaintiff.