HOLLAND BANKING COMPANY, Plaintiff, *v.* CHASE NATIONAL BANK OF CITY OF NEW YORK, Defendant.

Supreme Court, New York County, April 4, 1930.

*Root, Clark, Buckner & Ballantine,* for the plaintiff.

*Rushmore, Bisbee & Stern,* for the defendant.

MITCHELL, J. This is a motion by the plaintiff to dismiss the first, second, third, fourth and fifth counterclaims contained in defendant's answer, on the ground that none of them states facts sufficient to constitute a cause of action, that none of them is such as may be interposed in this action, and upon other grounds stated in the moving papers. The rules of our counterclaim statute are mandatory. A counterclaim must state a cause of action " against the plaintiff, or, in a proper case, against the person whom he represents, and in favor of the defendant, or of one or more defendants, between whom and the plaintiff or the plaintiff and another person or persons alleged to be liable a separate judgment may be had in the action." (Civ. Prac. Act, § 266.) Failure to state facts sufficient to constitute a cause of action requires a dismissal of the counterclaim. (Rules Civ. Prac. rule 109.) A counterclaim must contain the substance necessary to sustain an action on behalf of the defendant against the plaintiff, if the plaintiff had not sued the defendant. It must amount to an independent cause of action which the defendant, if it had not been sued, might have enforced as plaintiff. These principles are elementary. (*Vassear* v. *Livingston,* 13 N. Y. 248, 252; *Walker* v. *American Central Insurance Co.,* 143 id. 167, 170.) Measured by these principles, the defendant's counterclaims are not sustainable. The first and second counterclaims set forth certain claims which the Mechanics' Bank had against the plaintiff. It appears therefrom that the Mechanics' Bank, being possessed of certain securities for these claims, properly and lawfully applied the securities to the payment of the indebtedness of the plaintiff to it, after which it returned the surplus collateral to the plaintiff (paragraph 69 of the answer). It is the proceeds of a portion of this surplus collateral which is claimed in the first and second counterclaims. The return of this collateral was voluntary. There is no allegation of mistake, fraud or duress inducing this return. After these allegations, the defendant claims that certain amounts realized by the plaintiff from the surplus collateral so returned were received by the plaintiff for the use of the defendant. In returning the collateral, it is apparent that the Mechanics' Bank was doing merely what it was required to do under the decision of the Court of Appeals in *Morris* v. *Windsor Trust Co.* (213 N. Y. 27). Since it appears from the

allegations of these counterclaims that the money which the defendant seeks to recover was paid voluntarily, and without mistake, fraud or duress, there is no basis for recovering back such payments. (*Synthetic Patents Co.* v. *Sutherland*, [C. C. A.] 22 F. [2d] 494; *Kienle* v. *Gretsch Realty Co.*, 133 App. Div. 391.)

The allegations of the third and fourth counterclaims are alike except that the alleged indebtedness of the plaintiff to the defendant is claimed to arise from loans on two different notes given by plaintiff's officers to the Mechanics' Bank at different times. The purport of these counterclaims is that plaintiff became indebted to defendant by appropriating to the former's use a credit of $400,000 created by loans upon two officers' notes, each in the sum of $200,000. It is alleged that no part of the said sum of $400,000 was repaid to the defendant prior to January 15, 1924, and that no part has been repaid except as alleged in paragraph 69 of the defendant's answer although demand for repayment has been made. Paragraph 69 of the defendant's answer alleges that on or about September 24, 1924, the Mechanics' Bank was the holder of certain collateral, rediscounted notes and funds of the plaintiff, and that it " applied the proceeds of such collections, together with other funds, to the payment of the said indebtedness of the plaintiff to it, and accounted to plaintiff for all of said securities and cash * * * and returned to plaintiff customers' notes and rediscounts aggregating in face value the sum of $134,782.83." These counterclaims are predicated, of course, upon the legality and propriety of the action of the Mechanics' Bank in applying the proceeds of its collections upon the said collateral to the payment of the plaintiff's indebtedness to it. The defendant's position is that it rightfully held this collateral and rightfully applied the proceeds thereof to the payment of the plaintiff's indebtedness to the Mechanics' Bank. These counterclaims appear to be attempts upon the defendant's part to collect from the plaintiff loans which on the defendant's own allegations have been satisfied by the application of collateral and funds in the defendant's possession. Hence, if the defendant were allowed affirmative judgment on these two counterclaims, there would be a double recovery on an indebtedness which it appears has already been satisfied. Counsel for the defendant takes the position that the sufficiency of the counterclaims depends upon whether or not the Missouri statute has the effect claimed for it by the plaintiff, and whether or not in concluding the transactions in question the said statute was complied with.

It is contended that the counterclaims are contingent upon what the courts shall find to be the law covering the transaction. In other words, the position of defendant's counsel seems to be

that, while the counterclaims may be insufficient now as a matter of law, they will be charged with life in the event that plaintiff succeeds in establishing the invalidity of the transaction. However, the counterclaims contain no allegation that the defendant's appropriation of the collateral was in anywise illegal or improper. On the contrary, the theory thereof is that the appropriation of the collateral of the plaintiff to satisfy the defendant's claims was legal and proper. In its attempt to sustain their sufficiency, the defendant is forced into the untenable position of claiming in effect that the counterclaims become good if plaintiff succeeds in establishing the illegality of the transfer of the collateral to the defendant. It is thus apparent that these alleged counterclaims are not independent causes of action which the defendant, if it had not been sued, might have enforced as plaintiff, and hence they are insufficient in law. (*McGee* v. *Felter*, 75 Misc. 349; affd., 154 App. Div. 957.)

The defendant's fifth counterclaim seeks recovery from the plaintiff of $131,000, which the defendant claims to have advanced on certain notes indorsed by and rediscounted for the plaintiff. The defendant alleges that this rediscounting was authorized by the plaintiff's directors, that a written record of such authorization was made, and in conjunction therewith the plaintiff executed the collateral agreement set forth as Exhibit C to the answer. It is alleged that the plaintiff thereby became indebted to the Mechanics' Bank in the sum of $131,000, and no part of this sum was repaid prior to January 15, 1924. Although payment has been demanded, no part has ever been repaid, except as alleged in paragraph 69 of the defendant's answer hereinabove referred to. The defendant does not seek to rescind the rediscounting transaction and get back what it alleges it gave the plaintiff for the rediscounted notes. On the contrary, the defendant alleges that the plaintiff is indebted to the defendant on the rediscounted notes and by virtue of the rediscounting transaction. However, the counterclaim shows that the defendant has received satisfaction of its claims by its application of the proceeds of the collateral held by it to the payment of plaintiff's indebtedness to it. Hence, if the facts alleged in this counterclaim were pleaded as a complaint in an independent action, such a complaint would be subject to dismissal, for the reason that upon its own allegations it would show full satisfaction of the demands forming the basis of the complaint. The fifth counterclaim appears to be nothing but an affirmative statement of the position which the defendant has taken in denying the allegations of the plaintiff's fourth cause of action. Plaintiff counts upon the illegality of the transaction in question and want of authority in

order to recover the proceeds of the rediscounted notes. The defendant, on the other hand, counts upon the lawfulness and propriety of the transaction and due authority in order to hold the plaintiff liable on the same notes. It appears that the defendant cannot sustain any loss upon the rediscounting transaction until it satisfies the plaintiff's claim as set forth in its fourth cause of action. It appears to me that this counterclaim falls within the condemnation of *Walker* v. *American Central Insurance Co.* (143 N. Y. 167) and *McGee* v. *Felter* (75 Misc. 349; affd., 154 App. Div. 957).

For the foregoing reasons, the plaintiff's motion to dismiss the first, second, third, fourth and fifth counterclaims is granted. The defendant may plead over upon payment of ten dollars costs within ten days after service of this order, with notice of entry. Order signed.