James S. Brown, J.
In this action for a dissolution of a partnership and for an accounting, plaintiff moves pursuant to rules 106 and 103 of the Buies of Civil Practice for an order dismissing the counterclaim on the ground that it fails to set forth facts sufficient to constitute a proper counterclaim.
While the plaintiff’s motion is made pursuant to rule 106 of the Buies of Civil Practice, the court will consider this an application under rule 109 of the Buies of Civil Practice which relates to counterclaims. Buie 106 of the Buies of Civil Practice is applicable only to the sufficiency of a complaint.
An examination of the counterclaim reveals that while the defendant appears to be seeking similar relief as is being sought by the plaintiff it clearly lacks the essential elements of a counterclaim. It is axiomatic that a counterclaim, as a complaint, should contain a plain and concise statement of the material facts (Civ. Prac. Act, § 241). A counterclaim partakes of the nature of a complaint and must be pleaded in substantially the same manner. It must state a good cause of action (Walker v. American Cent. Ins. Co., 143 N. Y. 167, 169; Teitelbaum v. Goodman, 51 N. Y. S. 2d 682). The primary test of a counterclaim is that it must be sufficient to support an independent cause of action. The best that can be said for the allegations of the alleged counterclaim is that they would be part of a prayer for relief. In any event, the relief sought by the defendant is obtainable in the action itself.
Accordingly the motion is granted without prejudice to the defendant pleading over, if so advised, within 20 days after the service of a copy of the order to be entered herein with notice of entry.
Settle order on notice.