Howard A. Zeller, J.
In this action at law plaintiff seeks to recover money damages for the death of her ailing husband which she alleges was accelerated by the negligence of defendant. Defendant’s answer interposes the affirmative defense of a release executed by decedent. Defendant’s motion for summary judgment on his defense has been denied by Special Term and the denial affirmed on appeal. (Rill v. Darling, 21 A D 2d 955.)
Plaintiff’s reply admits the release but seeks the equitable relief of rescission on the ground that the alleged ultimate and grave effects of the personal injuries involved were not contem *175 plated by the parties when the release was executed for a small consideration three days after the accident.
Defendant now moves for a separate trial by the court without a jury of the issue of rescission. Plaintiff claims the right to jury trial on the issue of rescission if tried separately. Plaintiff contends that the equitable relief sought is merely incidental to the cause of action and relief set out in the complaint, upon which a jury trial is a matter of right, and which governs the right to a jury trial of such incidental or collateral issues and defenses even though equitable in nature.
Prior to enactment of CPLR 4101, both the Bar and Bench were harassed by the troublesome and frequently unclear distinctions between equitable counterclaims required to be tried by the court, and equitable defenses then submitted to the jury for determination along with the other issues of fact. (See Civ. Prac. Act, §§ 424, 425; 6 Carmody-Wait, Cyclopedia of New York Practice, § 47, pp. 223-234.) This case is an illustration of one of the problems previously presented by the distinction under the Civil Practice Act between equitable counterclaims and equitable defenses and the trial treatment accorded them. Plaintiff’s reply to the legal defense asserted in this negligence action takes both the form and substance of an equitable cause of action capable of assertion either independently or as a counterclaim but not heretofore triable of right by a jury if so asserted. Relying on case law decided under the Civil Practice Act, plaintiff argues that the reply should be accorded the status of a mere defense subject to jury determination.
The language of CPLR 4101 lays the problem to rest by stating that “ equitable defenses and equitable counterclaims shall be tried by the court,” Unquestionably CPLR 4212 permitting an advisory jury at the court’s discretion on motion of any party should be read in conjunction with CPLR 4101. (See The Second Report of the Law Revision Commission to the Legislature; Book 7B, McKinney’s Cons. Laws, CPLR 4101, pp. 91-94; id., CPLR 4212, pp. 150-160.) The applicability of CPLR 4101 to the situation in this case is clear.
Plaintiff shall be deemed to have moved under CPLR 4212 for submission to an advisory jury of the factual issues concerning her plea for rescission. In the exercise of discretion such motion should be denied.
Defendant’s motion for a separate trial by the court without a jury of the issue of rescission should be granted.