Benjamin Zipper, J.
'This is a motion by the plaintiff to vacate the defendant’s jury demand.
The plaintiff contends that since the defendant interposed an equitable counterclaim, the defendant waived his right to a jury trial.
The defendant contends that section 1303 of the Uniform District ;Court Act does not limit the trial by jury to actions at law. Section 1303 reads as follows: “ (a) Either party after *463 joinder of issue may demand a trial by jury, etc The defendant further contends that if it was the intention of the Legislature to restrict this provision they would have so provided.
The defendant’s position is untenable. A party cannot demand something to which he has no right. CPLB 4101 states specifically that equitable defenses or equitable counterclaims shall be tried by the court. Therefore, it would seem that the defendant is powerless to obtain a jury trial on his equitable counterclaim by virute of section 1303. A fair construction of this section would indicate that a demand for a jury trial presupposes a right to a jury trial. Conversely, if there is no right to a jury trial then invoking provisions of section 1303 would not grant such a right. Further, by giving this court the right to a jury trial in equitable defenses and counterclaims, this court then would have a greater number of categories of jury trials than the Supreme Court. Section 1303 of the Uniform District Court Act was not so intended.
Carmody-Wait, New York Practice (vol. 6, p. 231, § 53) provides that if an equitable counterclaim is interposed in a legal action, the defendant is entitled to a trial of the issues arising upon the counterclaim and reply at Special Term. Neither the plaintiff, nor the defendant, loses the right to a jury trial of the issues of fact in the action at law by the interposition of the counterclaim in equity.
In Sue v. Homer (15 A D 2d 729) the Appellate Division, Fourth Department, held that the defendants waived their right to a jury trial by joining in their answer equitable counterclaims with their counterclaims at law. In Federmcm v. Berger (13 A D 2d 766) the Appellate Division, First Department, stated that the defendants waived their right to a trial by jury by interposition of equitable counterclaims which were independent of, and sought relief beyond that encompassed by the complaint.
The defendant is not entitled to a trial by jury on the equitable counterclaim, but is entitled to a jury trial on the issues in the plaintiff’s action at law.