Arnold L. Fein, J.
Plaintiff sues on a policy issued by defendant, providing safe burglary coverage ‘‘ Inside or outside of any chest in Safe No. 1 ”. Defendant counterclaims: (1) for reformation, alleging the intended coverage was only 1 ‘ Inside of chest in Safe No. 1 ”, and that the misdescription of the coverage was occasioned by a scrivener’s mistake; and (2) for an increased premium if reformation is denied under the first counterclaim.
Plaintiff previously moved for summary judgment before the undersigned. The motion was denied upon the ground that there were triable issues as to whether there was a mutual mistake (Radway v. United Benefit Life Ins. Co., 1 A D 2d 1003). It was noted that reformation must depend upon clear and convincing proof that both parties entered into the contract through mistake and ¡that the burden of proving a mutual mistake is on the *534 insurer, which must establish the insured was mistaken, by evidence of the clearest and most satisfactory character (Porter v. Commercial Cas. Ins. Co., 292 N. Y. 176). Defendant’s cross motion for a separate trial of its counterclaims for reformation was granted only to the extent of recommending to the Trial Judge that the counterclaim for reformation be tried before plaintiff’s action because the counterclaim might dispose of the merits of the entire case.
When the case was called for trial, defendant moved that the counterclaim be tried first, without a jury, although it had served a general jury demand. Plaintiff, which had not demanded a jury in its notice of trial, insisted on a jury trial, arguing that defendant was bound by its jury demand even as.to the counterclaim for reformation, and that in any event plaintiff’s cause of action should be tried first. These issues were not raised on the prior motions.
Prior to CPLR 4101 there was ample authority, interpreting section 424 of the Civil Practice Act and its predecessors, that, if the equitable claim interposed by a defendant, however denominated, amounted to an equitable defense, it should be tried by a jury if either of the parties had demanded a jury, but that if truly a counterclaim requiring affirmative relief, it was to be tried by the court without a jury. (Susquehanna S. S. Co. v. Anderson & Co., 239 N. Y. 285; Strauss & Co. v. American Credit Ind. Ins. Co., 203 App. Div. 361; Pitcher v. Hennessey, 48 N. Y. 415; Walker v. American Cent. Ins. Co., 143 N. Y. 167; Benneit v. Edison Elec. Illuminating Co., 18 App. Div. 410,164 N. Y. 131.) The disparate conclusions in these and other cases are founded on the difficulty inherent in attempting to distinguish between equitable defenses and equitable counterclaims, premised on whether a defendant requires affirmative relief or seeks merely to defeat plaintiff’s claim.
In order to overcome this confusion, CPLR 4101 now expressly provides that in the actions there described in which a jury trial is required, unless waived, ‘ ‘ equitable defenses and equitable counterclaims shall be tried by the court ”. The language is mandatory. The legislative history demonstrates an intention to abolish the distinction between equitable defenses and equitable counterclaims for purposes of determining whether trial shall be by court or jury. (Rill v. Darling, 44 Misc 2d 174.) Although there is no reported case directly in point, it is now clear that neither party is entitled to a trial by jury of an equitable defense or equitable counterclaim. (Rill v. Darling, supra; Spiegel & Sons Oil Corp. v. Tallering, 46 Misc 2d 462; Federman v. Berger, 13 A D 2d 766.)
*535 It is immaterial that defendant demanded the jury by a general demand. Such a demand cannot confer a right to trial by jury of causes of action as to which there is no right to trial by jury. (Matter of Johnson, 46 Misc 2d 285; Spiegel & Sons Oil Corp. v. Tallering, supra; Federman v. Berger, supra; Bux v. Robinson, 199 N. Y. S. 2d 619, 28 Misc 2d 585, 216 N. Y. S. 2d 2, 13 A D 2d 912.) Concededly a party having demanded a jury may not withdraw the demand without the consent of the other parties (CPLR 4102). Accordingly, although it did not demand a jury here, plaintiff is now entitled to a jury trial on its legal cause of action for money only. However, it is not entitled to a trial by jury of defendant’s demand for equitable relief, however denominated. The court will treat plaintiff’s opposition to defendant’s motion as an application for an advisory jury pursuant to CPLR 4212. The application is denied in the exercise of discretion.
Proper procedure under the circumstances requires that both plaintiff’s complaint and the counterclaim be tried before the same Judge and that defendant’s counterclaim for reformation be tried first, without a jury. Besolution of that issue in defendant’s favor may dispose of the entire case. If not, it should be followed by a jury trial of plaintiff’s cause of action before the same Judge. (Vinlis Constr. Co. v. Roreck, 23 A D 2d 895; Rill v. Darling, supra; Appel v. Denni, 75 N. Y. S. 2d 112.)
Accordingly, this action is remanded to Trial Term, Part I, for trial May 10, 1967. The counterclaim for reformation is to be tried by the court without a jury, to be followed by a jury trial of plaintiff’s cause of action, if appropriate.